Battle Creek Coal & Coke Company *v.* Bettie Martin, *et al.*[*]

(*Nashville.* December Term, 1926.)

Opinion filed, January 29, 1927.

1. WORKMEN'S COMPENSATION ACT. Provisions elective and binding.

The benefits and burdens of this statute arise out of contract, which is elective, and binding upon acceptance upon the employer and employee alike. (Post, p. 37.)

Citing: Western Union Telegraph Co. v. Ausbrooks, 148 Tenn., 609; Smith v. Van Noy Interstate Co., 150 Tenn., 25; Leonard v. Cranberry Furnace Co., Ibid., 346; Poore v. Bowlin, Ibid, 412; Vester Gas Range, etc., Co. v. Leonard, 148 Tenn., 655.

2. SAME. Right of widow and dependent.

The right of decedent to receive compensation, dies with him, and does not survive to any one, where death is a natural one, and is not caused by an accident. (Post, p. 39.)

3. SAME. Autopsy. Cause of death obscure or disputed.

An autopsy, when demand is reasonably and seasonably made, may be required under the provisions of the Act, where the cause of the death is obscure or disputed; such provisions are quite common in insurance contracts. (Post, p. 37-38.)

---

[*]On effect of fact that pre-existing disease contributed to injury or death on right to recover under Workmen's Compensation Acts see annotation in L. R. A., 1916A, 292; L. R. A., 1917D, 110; 19 A. L. R., 107; 28 R. C. L., 816, 817; 4 R. C. L. Supp., 1865; 5 R. C. L. Supp., 1576.

Citing: Acts 1919, ch. 123, sec. 25; Wehle v. U. S. Mutual Acci. Asso., 153 N. Y. 116, 60 Am. St. Rep. 596; Whitehouse v. Travelers Ins. Co., Fed. Cas. No. 17556.

*Headnotes 1. Workmen's Compensation Acts, C. J., section 138 (Anno); 2. Constitutional Law, 12 C. J., section 190; Workmen's Compensation Acts, C. J., sections 4, 26 (Anno); 3. Workmen's Compensation Acts, C. J., section 104; 4. Workmen's Compensation Acts, C. J., section 139; 5. Workmen's Compensation Acts, C. J., section 139 (Anno).

## FROM MARION.

Appeal from the Circuit Court of Marion County.— HON. JOHN T. RAULSTON, Judge.

C. G. MILLIGAN, for plaintiff in error.

L. R. DARR, and S. P. RAULSTON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Proceeding under the Workmen's Compensation Act, the defendant in error recovered a judgment for the benefit of herself and children on account of the death of her husband, which occurred while he was in the employ of plaintiff in error. It is assigned for error in this court that there is no evidence to sustain the judgment below and that the trial judge improperly excluded evidence of an autopsy held over the body of the deceased.

The deceased was a coal miner working for the plaintiff in error, and was found dead in the latter's mine.

There were no marks of violence whatever upon his body. It was the custom in this mine for all the workmen to shoot their blasts just before they quit work in the afternoon. The deceased was working in a room by himself. He fired three shots in his room. His body was found just within the neck of an adjoining room toward the mouth of the mine. It was forty or forty-five feet from the neck of the deceased's room to the neck of the room in which his body was discovered, and this place and the place where he was blasting were separated by forty or forty-five feet of solid earth, slate and coal. The room in which his body was found was not being worked.

It appeared to representatives of the plaintiff in error that a *post mortem* examination was desirable. The defendant in error, Mrs. Bettie Martin, had given birth to twin babies three days before the death of her husband and was confined to her bed. The representatives of plaintiff in error, therefore, consulted certain relatives of hers about the *post mortem,* and these relatives reported that they had talked to Mrs. Martin and that she was willing to the *post mortem*. She afterward testified that she understood that X-ray pictures of her husband's body were to be taken and that she did not agree to an autopsy.

An autopsy upon the body was performed by two physicians but their testimony concerning this autopsy was excluded by the trial judge on the ground that the widow did not consent to the examination of the body; that such evidence was, therefore, illegally obtained, and not admissible.

In our opinion this was error. The fourth paragraph of section 25 of chapter 123 of the Acts of 1919, provides:

"In all death claims where the cause of death is obscure or is disputed, any interested party màv require an autopsy, the cost of which to be borne by the party demanding the same."

This provision of the Statute seems clear but it is argued that it was beyond the power of the legislature to enact such a requirement. We do not pause to consider this argument for the Workmen's Compensation Statute is elective and no workman or employee is bound to accept its provisions. The benefits and burdens of this Statute arise out of contract. *Western Union Telegraph Co.* v. *Ausbrooks,* 148 Tenn., 609; *Smith* v. *Van Noy Interstate Co.,* 150 Tenn., 25; *Leonard* v. *Cranberry Furnace Co.,* Ibid, 346; *Poore* v. *Bowlin,* Ibid, 412. An employer who elects to operate under this Act and accept its terms is not in a position to challenge the validity of any of its provisions, *Vester Gas Range, etc., Co.* v. *Leonard,* 148 Tenn., 665, and the same rule would apply to an employee.

The defendant in error, Mrs. Martin, is before us claiming the benefits of the Act and she must necessarily assume its burdens. In other words, she is bound by all the terms which the law wrote into her husband's contract of employment, under which contract she seeks a recovery.

Provisions for an autopsy are quite common in insurance contracts, particularly in accident policies, and such provisions are uniformly sustained if the demand for any autopsy is made within a reasonable time. *Wehle* v. *U. S. Mutual Acci. Asso.,* 153 N. Y., 116, 60 Am. St. Rep., 598; *Whitehouse* v. *Travelers' Ins. Co.,* Fed. Cas., No. 17566.

We think the demand for an autopsy in this case was reasonably and seasonably made. The plaintiff in er-

ror undertook to communicate this demand to the widow and understood that the widow had assented. It was entitled to have an autopsy under the Statute and its contract with the deceased, and supposed the widow had agreed. We see nothing in its conduct which justified the court below in excluding evidence of the facts developed at the *post mortem* investigation.

We are of opinion that a dependent who claims under the Workmen's Compensation Statute cannot deny the right of the employer to have an autopsy upon the body of a deceased employee where the cause of death is obscure or is disputed.

The testimony of the physicians who conducted the *post mortem* examination is that the cause of Martin's death was rupture of a branch of one of the coronary or anterior arteries of the heart. They said that his heart was in a diseased condition, twice the normal size, and that the rupture showed very plainly. They further testified that this condition of the heart was one of long standing and both were of opinion that the rupture of this artery was spontaneous. They testified that such a rupture might have occurred while the deceased was lying in bed, arising from a stooping position or under any other circumstances.

It is the theory of the defendant in error that her husband was either asphyxiated by the smoke and gas incident to the blasting, or that the shock of the explosions of the blasts caused the rupture of the artery.

The basis for this theory of recovery is too unsubstantial. The doctors testified that the autopsy disclosed the lungs of deceased to be in normal condition. This would seem to discredit the idea of asphyxiation. Moreover, there was no blasting between the room of the deceased and the mouth of the mine, and the cur-

rent of air which ventilated the mine flowed from the mouth toward the head of the mine. The deceased had progressed something over forty feet from his room toward the mouth of the mine when he fell.

While there is some proof that one of the shots fired by the deceased was loud, the whole proof does not indicate that there was anything unusual about blasting done by deceased or any of the other miners on this occasion. Investigation of the deceased's room did not indicate that there had been any extraordinary explosion or concussion.

The suggestion that the employee's death was immediately caused by concussion from a blast as well as the suggestion that his death was immediately caused by asphyxiation, upon this record, at most are bare conjectures. Such suggestions are hardly so plausible as the doctors' idea that the death of the employee was caused by a spontaneous rupture of the artery.

It is incumbent upon the defendant in error to show that her husband's death was occasioned by an accident arising out of and in the course of his employment. She has failed to do so in this case. Such a conclusion finds no support except conjectures.

Reverse and dismiss.