332 S.W.2d 660 (1960)
Mrs. Ellie HAGEWOOD
v.
E.I. DU PONT DE NEMOURS AND COMPANY.
Supreme Court of Tennessee.
February 5, 1960.
Rehearing Denied March 11, 1960.
Trabue, Sturdivant & Harbison, Nashville, for appellant.
Charles L. Cornelius, W. Ovid Collins, Jr., Nashville, Carl E. Geuther, Wilmington, Del., for appellee.
PREWITT, Justice.
This is a Workmen's Compensation case brought by petitioner, Mrs. Ellie Hagewood, as widow of N.P. Hagewood, who died at his home on November 25, 1958.
The Chancellor, after hearing much proof, dismissed the petition and held that Mr. Hagewood's death did not arise out of his employment.
The proof shows that the deceased had been an employee of the defendant, Company, for about twenty-five years.
The deceased, in the line of his duties, was required to do a considerable amount of lifting of cakes of rayon, the weight of which would vary from approximately 35 to 50 pounds.
It seems that deceased often complained of how hard the work was and often complained to his wife about pains and swelling in his arms.
On November 24, 1958, Mr. Hagewood reported for work as usual, and shortly after arriving, he complained to his fellow employees of pains in his left arm, which pains persisted throughout the morning. Finally, at about two o'clock in the afternoon he went to the company doctor where he was given some pills. A little while later he went back on his job and finished his day's work.
Upon the deceased's return home from work he again complained to his wife about the pains in his arms and that the *661 job was killing him, but later drove his car and went to visit his mother, who lived some few blocks away. Afterwards he went to the grocery store where he met some friends and engaged in conversation; he returned to his home and retired early, still complaining about the pains in his arm. He got up from his bed two or three times during the night to take some of the pills that had been given him by the company doctor and, on one occasion, to bathe his left arm in hot water, seeking relief from pain.
The petitioner was awakened by the alarm clock next morning about 5:30 and discovered that her husband was apparently dead. She immediately called the family physician, Doctor Wilson, who arrived at the home shortly after seven o'clock in the morning and pronounced Mr. Hagewood dead. From the history and examination, Doctor Wilson concluded that his death was caused by acute myocardial infarction.
Doctor W.J. Core, the medical examiner for Davidson County, testified in response to a hypothetical question that the deceased died of a coronary obstruction and that the onset of the coronary was at the beginning of his pain. He also testified that the deceased could have some involvement of the joints.
Doctor Crawford Adams, testified in reply to a hypothetical question, that the most likely assumption was the possibility of coronary artery disease.
Doctor Gammell, doctor for the defendant, who treated the deceased at the company plant, was not offered as a witness by either side.
The record shows that the defendant, Company, made its employees available to petitioner for discovery depositions and agreed that these depositions be read into the record as their testimony.
The lower court found that it was reasonable to infer that Doctor Gammell's testimony would have been unfavorable to petitioner since the petitioner did not take his discovery deposition.
The record shows that there is no proof of accidental injury occurring on the job on November 24, 1958. Further, the deceased did not collapse on his job nor did he become disabled to work on the job that day as it is shown by the fact that he refused any help from his fellow employees in carrying out the responsibilities of his job.
The question is simply whether there was sufficient material evidence introduced on behalf of the petitioner to make out a prima facie case. The lower court held there was not. Anderson v. Volz Construction Co., 183 Tenn. 169, 173, 191 S.W.2d 436.
It is incumbent upon the petitioner to show that her husband's death was occasioned by an accident arising out of and in the course of his employment. Battle Creek Coal & Coke Co. v. Martin, 155 Tenn. 34, 39, 290 S.W. 18.
If upon undisputed proof, it is conjectural whether death resulted from a cause operating within his employment, or a cause operating without his employment, there could be no award to the employee's dependents. Home Ice Co. v. Franzini, 161 Tenn. 395, 401, 32 S.W.2d 1032.
It is to be noted that there is no proof that deceased's work caused or contributed directly to his death.
This is not a case which arises where the deceased is found dead at his post of duty and manual labor or physical exertion is proven. Heron v. Girdley, 198 Tenn. 110, 122, 277 S.W.2d 402.
Usually, where recovery is allowed are in cases based on some specific incident on the job from which the resulting disability originated.
The general rule is noted in Corpus Juris Secundum, as follows:
"* * * the mere manifestation of a heart condition without any proof of strain or overexertion at work does *662 not show an accidental injury even though the development of the heart disease may have been hastened by the employee's usual and ordinary work." 99 C.J.S. Workmen's Compensation § 177, p. 604.
It will be noted that heart failure overtook the deceased more than twelve hours after he left work. Dillon v. Gasoline Plant Construction Corp., 222 Miss. 10, 75 So.2d 80, 81, decided in 1954, and the Court said:
"The theory of the claimants is that the nature and character of the work in which the employee was engaged as a painter, and the number of hours employed in the work for several days prior to his death, was a contributing factor thereto in that he is alleged to have had a pre-existing heart ailment which was aggravated by the nature and character of the work and the hours of labor each day so as to precipitate his sudden death from coronary thrombosis."
In that case the deceased was found dead at home four hours after completing his day's work. The Court affirmed the dismissal of the case and observed:
"* * * it was for the Commission to determine from all of the testimony of both the lay and expert witnesses as to whether or not the claimants had met the burden showing by a preponderance of the evidence that there was a causal connection between the work of the employee and his sudden death." 75 So.2d at page 83.
See McMahan v. Travelers Insurance Co., 114 F. Supp. 286. United States District Court for the Eastern Division of Tennessee.
It was essential to petitioner's case to prove that her husband sustained an accidental injury in the course of his employment during his last day at work. Doctor Gammell examined him on that very day but even though petitioner took the deposition of his nurse, Miss Staub, who checked the deceased in and turned him over to Doctor Gammell, the petitioner saw fit not to introduce the testimony of that physician but instead relied upon Doctor Wilson, who did not see the deceased until after his death and Doctors Core and Adams, who never examined him at any time.
We think there is material evidence to support the decree of the Chancellor and it is affirmed.