Mrs. John Knight

*v.*

The Berkline Corporation.

358 S.W.2d. 323.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

James K. Miller, Morristown, for petitioner.

Taylor & Inman, Morristown, for respondent.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation suit which resulted in a dismissal by the trial judge.

Defense is made that the suit having been filed four years after the death of the deceased was barred by the statute of limitations.

However, it appears that petitioner's action was not barred by the statute of limitations because of the defendant's failure to comply with Section 50-1017, Sub. Sec. (2) T.C.A.

We are of the opinion that the judgment of the trial court must be affirmed on the ground that the petitioner did not have any disease, or any condition arising in or growing out of his employment.

John Knight, the deceased husband of petitioner, was employed by the defendant in 1949, as a fireman in the boiler room. Through the years his health gradually failed, until the defendant transferred him to an easier job, that of night watchman.

The deceased worked for the defendant until August 6, 1956, when he was terminated because he was unable to perform his assigned duties or because of lack of work.

Doctor John L. Pearce testified that his diagnosis of the deceased during the years that he treated him was heart failure with high blood pressure, and that he attributed this condition to arteriosclerosis and cardiac failure, cardio vascular disease. Doctor Pearce did not know how long the deceased had been suffering from arteriosclerosis, stating only that the deceased had this condition when he first saw him in May, 1951.

He further testified that arteriosclerosis was a degenerative condition of the blood vessels, sometimes involving the heart. Doctor Pearce further testified that the deceased's activities at home, that of walking around, walking to town, working in the yard and garden, would contribute as much to an acceleration of the deceased's condition and his death as would the duties of a night watchman had he been working.

■ It is well settled in this State that it is incumbent upon the petitioner to show that her husband's death was occasioned by an accident arising out of and in the course of his employment. *Battle Creek Coal & Coke Co. v. Martin,* 155 Tenn. 34, 290 S.W. 18, and *Wilson v. St. Louis Terminal Co.,* 198 Tenn. 171, 278 S.W.2d 681.

■ The trial court found that the deceased did not die in the course of his employment and there is material evidence to support the finding of the trial court in this regard. See *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d 65.

It further appears this suit for compensation was not brought until four years after the death of the deceased. Numerous factors may have entered into his condition and for us to say that his death arose out of and in the

course of his employment would be pure surmise and conjecture.

We find no error in the judgment of the Court below and it is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.