**Randy Ray JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48302.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Roy E. Jerue, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. Appellant was convicted on September 3, 1971, of possession of marihuana; the punishment assessed was two years in prison, probated. A motion to revoke probation was filed on February 28, 1973, alleging that appellant had violated a condition of his probation when he committed the offense of burglary and theft on October 31, 1972. Probation was revoked and appellant sentenced on March 23, 1973.

■ Appellant in his only ground of error says the trial court "abused his discretion in revoking appellant's probation on the sole basis of an inadmissible oral confession." The confession was given several months following the alleged burglary and theft, while appellant was in custody on another charge. Appellant points out that the warnings given him prior to the confession did not comply with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 695 (1966). The officer who administered the warning did so from a card "supplied by the District Attorney."[1] He said he told appellant

> "he had the right to remain silent and he did not have to make a statement, and if he did, it could and would be used against him in court and that he had the right to an attorney."

He later reiterated that he advised appellant "he had the right to have a lawyer present" during questioning, but he elaborated no further on the warnings. The officer failed to testify that he told appellant an attorney would be appointed for him before any questioning if he desired but could not afford one. See Miranda v. Arizona, supra; Article 38.22, Vernon's Ann. C.C.P. Under these circumstances the oral confession and any evidence obtained as a result of it should not have been admitted in evidence or considered by the trial court. See Burns v. State, 486 S.W.2d 310 (Tex.Cr.App.1972); Lee v. State, 428 S.W.2d 328 (Tex.Cr.App.1968).

■ There is other evidence in the record, however, upon which the Court's decision to revoke probation may rest. John Clark, manager of Grant's Store at 919 North Shepherd in Houston, testified that on the night of October 31, 1972, the store was broken into, and two television sets were taken. Entry had been made by throwing two concrete blocks through a plate glass window of the store. One of the sets taken was a Bradford brand portable color set, valued at $299. Clark later found a pool of blood on the sidewalk near his store, and also a trail of blood leading toward a B. F. Goodrich Store across the street. Officer T. R. Clark of the Houston Police Department testified that while on patrol in the early morning hours of the same night he observed appellant and another man, whose hand was bleeding profusely, in the parking lot of the B. F. Goodrich Store across the street from the Grant's Store. Beside the two men was a Bradford portable color television set. After appellant explained that they were "moving," and that his friend had cut his hand on a refrigerator, the officer released the two men. This evidence is adequate to support the trial court's exercise of discretion in revoking appellant's probation.

■ The appellant did not request, nor did the trial court make, specific findings of fact and conclusions of law. See Mason v. State, 495 S.W.2d 248 (Tex.Cr.App.1973); O'Leary v. State, 494 S.W.2d 841 (Tex. Cr.App.1973). The appellant notes that the trial judge, however, after hearing appellant's final argument, said he "might" not have found sufficient evidence to revoke the probation without the oral confession. Whatever the reasons given for the judge's decision to revoke probation in an informal, oral discussion with defense counsel, if the decision itself be supportable, then it will not be disturbed on appeal. See Venable v. State, 397 S.W.2d 231 (Tex.Cr.App.1965), appeal dismissed, cert. denied, 384 U.S. 266, 86 S.Ct. 1477, 16 L. Ed.2d 525; Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455 (1960).

Finding no abuse of discretion, we affirm the judgment.

Opinion approved by the Court.

---

1. Although the officer on cross-examination produced a copy of the printed card from which he said he read the Miranda warnings the card was never introduced or read into evidence.