**HUEY BROTHERS LUMBER COMPANY, INC., et al., Appellants,**

v.

**Opal ANDERSON, Appellee.**

Supreme Court of Tennessee.

Jan. 13, 1975.

G. Griffin Boyte, Warmath & Boyte, Humboldt, for appellants.

William J. Stricklin, Miles & Miles, Union City, for appellee.

### OPINION

HARBISON, Justice.

This is an action for workmen's compensation benefits brought by plaintiff, Opal Anderson, as widow and as Administratrix of Gilford Neil Anderson, deceased. She was awarded benefits as the widow and sole dependent of the decedent, and this appeal has been perfected by the employer and its insurance carrier.

It is undisputed that the decedent received severe injuries while in the scope and

course of his employment on February 5, 1973. There were numerous rib fractures, a fracture of the pelvis, contusion of the lung and a number of other internal injuries and fractures. Decedent was hospitalized for a period of forty-four days following the accident and continued to receive treatment from his attending physician until May 4, 1973. The employer paid temporary total disability benefits from the date of the injury until June 4, 1973.

Decedent was found dead at his place of residence on June 29, 1973, and had apparently been dead for some two or three days prior thereto.

Plaintiff and the decedent had been married in Obion County, Tennessee on June 21, 1971 and were living together on the date of the accidental injury to the deceased. They had separated, however, in April 1973. Plaintiff testified that the reason for the separation was that her husband had threatened her and forced her to leave him, and she denied that she was at any time voluntarily living apart from him. Although there is a strong suggestion in the proof offered by appellants that the plaintiff may have been having improper relations with another man both before and after the time of her separation from decedent, there is material evidence to support the finding of the Chancellor that plaintiff and decedent were living together on the date of the accidental injury and that their subsequent separation was not voluntary on her part.

The attending physician signed a death certificate on July 7, 1973, stating that the cause of death was pulmonary thromboembolism. Conditions giving rise to the immediate cause of death were listed as pelvic phlebothrombosis due to pelvic fractures.

The attending physician testified at the hearing of this case and stated that it was his opinion based upon a reasonable medical certainty that there was a causal connection between the original accidental injury and the death of the decedent. He based this opinion upon having treated the deceased continuously during the hospitalization for over forty days and upon the fact that there was no medical history of prior injury or disease which would indicate any other probable cause of death.

The record shows that plaintiff and decedent were married on June 21, 1971 in Obion County, Tennessee, as previously stated, and their marriage certificate is in the record. It is shown in the evidence that the plaintiff had been married on two previous occasions. It is undisputed, however, that the second of these marriages was duly terminated by a divorce. A certified copy of the divorce decree entered in the Circuit Court of Cook County, Illinois, dated April 29, 1963, is in the record. With respect to the first marriage of plaintiff, the record is clear that plaintiff herself did not ever obtain a divorce from her first husband, whom she married about 1947. She was separated from him in Chicago when her daughter was about two years of age, and her daughter was born in 1951. She testified that her brother had advised her later that her first husband had obtained a divorce. From her testimony, it appears that her first husband had instituted some sort of legal proceedings in Chicago before she left that city, and she left Chicago as a result of these proceedings, in which her first husband was attempting to deprive her of custody of their minor child.

The brother of plaintiff testified in this case that he knew that the first husband of plaintiff had divorced her and that he had been shown the divorce papers. He said that he was rooming with plaintiff's first husband at the time the divorce was obtained and was present in court when the divorce proceedings were had. Neither party offered any documentary evidence, however, concerning any legal proceedings in Chicago with respect to the first marriage.

The record reveals that the workmen's compensation insurance carrier in the present case had notice of the death of the decedent within a short time after it oc-

curred and that a representative of the insurance carrier attempted to contact the attending physician to request an autopsy. The narrative bill of exceptions states that the representative was unable to contact the doctor but did contact the widow who told him that an autopsy had been performed and that the report would be available to the insurance carrier. On cross-examination, however, the insurance adjuster testified that within three weeks after the death of decedent, he learned that no autopsy had in fact been performed. He stated that he contacted a Memphis attorney who was representing the plaintiff and made a request to him for an autopsy but was never able to get consent of plaintiff through her counsel.

The workmen's compensation petition in the present case was filed on December 10, 1973. An answer was filed on behalf of the employer on January 10, 1974 and an answer on behalf of the insurance carrier on January 24, 1974. The deposition of the attending physician was taken on behalf of the plaintiff for evidentiary purposes on February 8, 1974. On March 1, 1974, for the first time, a petition was filed on behalf of the employer and the insurance carrier for permission to exhume the body of decedent and to have a post-mortem examination by a pathologist. This motion was disallowed by the Chancellor as not having been timely filed.

■ In view of the passage of time, the fact that the insurance adjuster was advised within three weeks after death that no autopsy had been performed, and that a death certificate had been filed in July 1973 showing the cause of death, we hold that there was no abuse of discretion by the Chancellor in refusing the exhumation of the body of decedent on a petition filed over eight months after death. This subject was dealt with in the opinion of this Court in Robinson v. Nashville Machine Company, Inc., 503 S.W.2d 90 (Tenn.1973), in which exhumation was denied under similar circumstances. The assignment of error by the appellants with respect to the autopsy request is overruled.

■ Appellants further assign error that there was insufficient evidence of causal connection between the original injuries and the subsequent death. In view of the testimony of the attending physician summarized above, we find this assignment to be untenable.

It is further contended in the assignments of error that the plaintiff was not the lawful widow of decedent on the date of death and that even if there were a lawful marriage, she was living apart from him so as to be disqualified as a dependent under the provisions of T.C.A. § 50–1013(a)(1).

■ We find these assignments to be without merit. It is well settled in this jurisdiction that a marriage regularly solemnized is presumed valid and those asserting its invalidity have the burden of proof. This is a very strong presumption and must be overcome by cogent and convincing evidence. Gamble v. Rucker, 124 Tenn. 415, 137 S.W. 499 (1911); Payne v. Payne, 142 Tenn. 320, 219 S.W. 4 (1919); Troxel v. Jones, 45 Tenn.App. 264, 322 S.W.2d 251 (1958). The evidence in the present case wholly fails to overcome the presumption of the validity of the marriage of plaintiff and decedent. Likewise there is ample material evidence in the record to support the conclusion of the Chancellor that the plaintiff was not living apart from her husband voluntarily at the time of his injury.

The assignments of error are overruled and the judgment of the trial court is affirmed at the cost of appellants. The cause is remanded to the trial court for such further proceedings as may be necessary.

FONES, C. J., and HENRY, BROCK and COOPER, JJ., concur.