IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

December 22, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM E. CUNNINGHAM, | ) | FOR PUBLICATION |
| Administrator of the Estate of | ) | |
| ROBERT W. CUNNINGHAM, SR., and | ) | |
| ROBERT W. CUNNINGHAM, JR., | ) | FILED:  DECEMBER 22, 1997 |
| | ) | |
| Plaintiffs/Petitioners/ | ) | |
| Appellants | ) | DAVIDSON COUNTY |
| | ) | |
| v. | ) | |
| | ) | HON. CAROL MCCOY, |
| SHELTON SECURITY SERVICES, INC., | ) | CHANCELLOR |
| and EMPLOYERS INSURANCE OF WAUSAU, | ) | |
| | ) | |
| Defendants/Respondents/ | ) | NO. 01-S-01-9701-CH-00011 |
| Appellees | ) | |

For Appellants:                                    For Appellees:

TERRY R. CLAYTON                                   H. MICHAEL BENNETT
Nashville, TN                                      Nashville, TN

OPINION

REVERSED; REMANDED                                              BIRCH, J.

In this worker's compensation case, the trial court granted the deceased employee's representative ("petitioner") permission to file an application for interlocutory appeal under Tenn. R. App. P. 9. We granted the application in order to determine whether the trial court erred in ruling that the remains of the employee be exhumed and autopsied. Upon careful review of the record, we find that the employer, Shelton Security Service, Inc., and its insurance carrier, Employers Insurance of Wausau ("respondents"), failed to make a timely request for an autopsy after obtaining reasonable notice of its necessity. Thus, they are not entitled to exhume and autopsy the remains of the deceased employee.

I

The record in this case includes the pleadings, the deposition and affidavits of medical experts, the death certificate, and the trial court's findings entered November 19, 1996. Pertinent portions thereof indicate that Robert W. Cunningham, Sr., the employee, worked as a security guard for the respondent-employer, Shelton Security Services, Inc. The employee was assigned to provide security in and about the Little Barn, a Nashville convenience market.

While performing his duties at the market on March 5, 1992, the employee became involved in a confrontation with either two or three patrons whom he had asked to leave the market premises. The confrontation, though verbal only, was apparently a

heated one. Several minutes after this incident, the employee was found unconscious in the front seat of his car. Emergency medical personnel responded to the scene, and he was transported to the hospital by ambulance. All efforts to revive him failed; he was pronounced "dead on arrival" at the hospital. The medical examiner certified the cause of death as "arteriosclerotic cardiovascular disease." The death certificate, dated April 17, 1992, indicates that no autopsy was performed.

## II

The procedural history of this case is central to our discussion. On August 31, 1995, a petition for benefits claimed under worker's compensation provisions was filed by the petitioner.[1] In an answer filed October 4, 1995, the respondents denied that any injury arose out of or in the course of the employment. Also denied was the allegation that the employee suffered an accidental injury or occupational disease. Moreover, the respondents stated that they did not know what caused the employee's death.

Counsel for the petitioner took the deposition of Melvin Lightford, M.D., on June 27, 1996. Lightford opined, inter alia, that the cause of death as certified by the medical examiner is not always conclusive. Rather, because arteriosclerotic cardiovascular disease is a common cause of death, it is routinely listed on the

---

[1]A similar petition was filed in February 1993, and an order of non-suit was entered January 31, 1995.

death certificate as the cause of death in cases where no autopsy has been performed.

Also included in the record are the affidavits of Robert C. Ripley, M.D., and Charles Harlan, M.D., both filed on October 28, 1996. Ripley and Harlan, and Lightford as well, stated essentially that the cause of the employee's death could not be ascertained with "absolute certainty" unless an autopsy were to be performed.[2]

On October 28, 1996, the respondents filed a motion in the trial court for an order to exhume and autopsy the employee's remains on the grounds that the cause of death could not otherwise be ascertained. The trial court found that the respondents acquired knowledge of the necessity for an autopsy during Lightford's deposition of June 27, 1996. The trial court further found that the cause of death was obscure or in dispute and that the respondents had requested the autopsy within a reasonable time after Lightford's deposition.

The petitioner requested permission under Tenn. R. App. P. 9 for an interlocutory appeal to review the challenged order on grounds that no review could otherwise be obtainable after entry of a final judgment. The trial court permitted the petitioner to file

---

[2]However, we note that absolute certainty is not required to prove cause of death in a worker's compensation case. <u>Reeser v. Yellow Freight System, Inc.</u>, 938 S.W.2d 690, 692 (Tenn. 1997). At this point, we make no determination as to whether there is sufficient evidence from which the trial court may determine cause of death.

an application for permission to appeal to this Court, and we granted the interlocutory appeal. However, before oral argument could be scheduled, the parties requested leave to submit the cause on briefs; we granted that request also.

Accordingly, we review the trial court's ruling that the respondents are entitled to the exhumation and autopsy of the employee's remains. Because this issue is a question of law, our review is de novo with no presumption of correctness. <u>Ridings v. Ralph M. Parsons Co.</u>, 914 S.W.2d 79, 80 (Tenn. 1996).

III

Court-ordered autopsy in worker's compensation cases is governed by both statute and case law. The controlling statute, Tenn. Code Ann. § 50-6-204(e)(Supp. 1996), provides as follows:

> In all death claims where the cause of death is obscure or is disputed, any interested party may require an autopsy, the cost of which is to be borne by the party demanding the same.

Thus, by statute, the party requesting the autopsy must demonstrate that the cause of death "is obscure or is disputed." In their answer to the petition for worker's compensation benefits, the respondents denied that the employee suffered an accidental injury or occupational disease and averred that they did not know what caused the employee's death. Thus, cause of death has apparently been a matter of dispute since the filing of the

5

petition, and there can be no serious challenge to the trial court's finding in this regard.

Beyond those imposed by statute, two requirements are imposed by judicial interpretation. Chief Justice Green, writing for the Court in Battle Creek Coal and Coke Co. v. Martin, 155 Tenn. 34, 290 S.W. 18 (1927), construed the subject statute as being analogous to the provisions for an autopsy in insurance contracts which are uniformly sustained if the demand for the autopsy was made within a reasonable time. Id. at 19. Thus arose the "timeliness" requirement. Timeliness requires that the party requesting the autopsy do so within a reasonable length of time after having knowledge of its necessity. The trial judge should consider "the time elapsing prior to a motion or other proceedings filed in court demanding an autopsy and the time the party so demanding an autopsy had knowledge [or] reasonably could have had knowledge such autopsy was needed to determine the cause of death." Robinson v. Nashville Mach. Co., 503 S.W.2d 90, 93 (Tenn. 1973).

The second common law requirement for exhumation and autopsy under Tenn. Code Ann. § 50-6-204 was articulated in Robinson. According to Robinson, the demand for an autopsy must be reasonable as to the occasion for its exercise. The reasonableness of the occasion of its exercise is determined by the presence or absence of other credible evidence, absent an autopsy, upon which the court can determine cause of death. Id.

6

We do not quibble with the trial court's finding of fact that the respondents' first acquired "knowledge of the need for an autopsy" during Lightford's deposition of June 27, 1996. That finding notwithstanding, there is a distinct difference between actual "knowledge" as found by the trial court and reasonable notice. Under Robinson, the time when the respondents reasonably could have had knowledge of the need for an autopsy, i.e., the time when they acquired reasonable notice, must also be considered.

We find that the respondents had reasonable notice from the pleadings that causation would be an issue--perhaps the only seriously contested issue. Once the respondents took a position regarding causation in their answer filed October 4, 1995, it became their responsibility to develop the issue promptly. Especially is this true in light of the cause of death listed on the certificate, which was available to all parties as early as April 17, 1992. The respondents filed the autopsy request on October 28, 1996--over a year after they filed their answer, and approximately four and a half years after the death certificate became available. This delay is longer than the delay in previous worker's compensation cases in which a request for an autopsy was found untimely. Huey Bros. Lumber Co. v. Anderson, 519 S.W.2d 588, 590 (Tenn. 1975) (eight month delay unreasonable); Robinson, 503 S.W.2d at 93 (nine month delay unreasonable). Therefore, within the context of the facts and circumstances here presented, we find that the respondents' request for exhumation and autopsy was not timely made.

7

Because we find the respondents' unreasonable delay dispositive of the issue before us, we find it unnecessary to discuss the "occasion" requirement articulated in <u>Robinson</u>.

It results that the order of exhumation and autopsy is vacated; the cause is remanded to the trial court for proceedings consistent with this opinion.

Costs of this cause are taxed against the respondents, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:
Anderson, C.J.
Drowota, Reid, Holder, JJ.

8