

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-15-00148-CR
### NO. 02-15-00150-CR

KYLE CHRISTOPHER
HOWARDJOHNSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1370580D, 1370579D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kyle Christopher HowardJohnson appeals his convictions for
burglary of a habitation and evading arrest or detention in a vehicle.[2]  In two

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2011), § 38.04(a) (West
Supp. 2014).

points, he argues that the trial court abused its discretion and violated his due process rights by revoking his community supervision and sentencing him to a term of confinement and that the judgment adjudicating his guilt for burglary must be modified to delete a restitution requirement. We modify the judgment on the burglary charge, affirm it as modified, and affirm the judgment on the charge for evading arrest in a vehicle.

**Background Facts**

A grand jury indicted appellant with burglary and with evading arrest or detention in a vehicle. Appellant pled guilty to both offenses. In the process of doing so, he waived constitutional and statutory rights and judicially confessed. Under the terms of a plea bargain, in each case, the trial court deferred its adjudication of his guilt and placed him on community supervision for six years. In the burglary case, the trial court ordered him to pay $500 in restitution; the court did not order restitution with regard to the charge for evading arrest.

In each case, the trial court ordered several conditions of community supervision and informed appellant in writing that if he failed to comply with them, his community supervision could be revoked. As established by the clerk's records in these two appeals, the conditions included committing no other offense, reporting to community supervision authorities on at least a monthly basis, furnishing proof of employment to his community supervision officer, remaining within Tarrant County or its contiguous counties, and completing twenty hours of community service per month until he completed 520 total hours.

2

Less than four months later, in each case, the State filed a petition for the trial court to adjudicate appellant's guilt. In the petitions, the State alleged, in part, that he had failed to report to his community supervision officer, had failed to furnish proof of employment, had failed to remain within Tarrant County or contiguous counties, had failed to participate in community service, and had removed a GPS monitoring device without the court's authorization. The State later filed an amended petition in each case that contained the same allegations.

The trial court held a hearing on the State's amended petitions. Appellant pled true to the allegations that he had failed to report to his community supervision officer and that he had removed a GPS monitoring device; he pled not true to all other allegations. The following exchange occurred when appellant pled true to the GPS-related allegation contained in each amended petition:

> THE COURT: Paragraph 7 [of the State's amended petitions] alleges that you were ordered to participate in and successfully complete electronic monitoring home confinement until rescinded by the Court . . . . [Paragraph 7A] alleges, in *violation of this condition*, you removed your electronic monitoring device without authorization from the Court . . . on or about November 14th, 2014. . . .
>
> . . . .
>
> THE COURT: . . . [T]o Paragraph 7A, you may plead true or not true. What is your plea?
>
> THE DEFENDANT: True.

Following appellant's pleas, the State presented evidence showing that he had been apprised of the conditions of his community supervision on the day he was placed on community supervision and that he had violated various

3

conditions. Appellant called several witnesses, including his girlfriend and his mother, who each testified about his character and about their desire for him to remain unconfined. Appellant also testified and asked to remain on community supervision.

After hearing the parties' closing arguments, the trial court found that appellant had violated his community supervision conditions by failing to report to his community supervision officer, by failing to furnish proof of suitable employment, by failing to remain in Tarrant County or its contiguous counties, by failing to participate in community service, and by removing the GPS monitoring device. In both cases, the trial court revoked appellant's community supervision, found him guilty, and sentenced him to five years' confinement.[3] The court also found appellant guilty of endangering a child by criminal negligence after revoking his community supervision for that offense, and the court sentenced him to five years' confinement for that charge.[4] The court did not impose restitution with respect to the burglary charge or the evading-arrest charge on the record at the revocation hearing, but in its judgment on the burglary charge, the court ordered appellant to pay $500 in restitution. Appellant brought this appeal.

---

[3]The trial court ordered the sentences to run concurrently.

[4]Following appellant's conviction for that charge, the trial court granted his motion for new trial and dismissed the charge at the State's request. We therefore dismissed appellant's appeal related to that charge. *See HowardJohnson v. State*, No. 02-15-00149-CR, 2015 WL 3799127, at *1 (Tex. App.—Fort Worth June 18, 2015, no pet.) (mem. op., not designated for publication).

4

**The GPS Monitoring Condition**

In his first point, appellant contends that the trial court abused its discretion and violated his right to due process by revoking his community supervision and determining his punishment "based on a violation of a non-existent term of [community supervision]." We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the conditions of community supervision. *Lawrence*, 420 S.W.3d at 331; *Powe v. State*, 436 S.W.3d 91, 93 (Tex. App.—Fort Worth 2014, pet. ref'd). A defendant has certain due process rights with regard to the revocation of community supervision. *See* U.S. Const. amend. XIV, § 1; *DeGay v. State*, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987) ("The central issue to be determined in reviewing a trial court's exercise of discretion in a probation revocation case is whether the probationer was afforded due process of law."); *Hammack v. State*, 466 S.W.3d 302, 306 (Tex. App.—Texarkana 2015, no pet.).

Appellant contends that the trial court based its revocation and sentencing decisions on a belief that GPS tracking was a requirement of community supervision when it was not. He argues that a "review of the record produced by the clerk indicates no term of [community supervision] ordering him to wear a GPS monitor." Although he does not challenge the sufficiency of the evidence to

5

prove that he violated other terms of community supervision[5] and concedes that the trial court's adjudication of his guilt was proper, he contends that the evidence concerning his removal of the GPS device was the driving force of the trial court's decision to revoke his community supervision and to sentence him to five years' confinement.[6]

After filing his notice of appeal, appellant asked the district clerk to prepare clerk's records that included all "conditions of . . . community supervision original and amended or supplemental [that he] was required to follow." Despite this broad request, and despite the fact that the trial court found that appellant violated a condition of community supervision by removing a GPS monitoring device without the court's authorization (based in part on appellant's plea of true to that allegation), neither of the clerk's records for these two appeals establish that the trial court ever ordered appellant to wear a GPS monitoring device. At the end of the hearing on the State's amended petition for the court to adjudicate appellant's guilt, before pronouncing appellant's sentence, the trial court stated to him,

---

[5]Standing alone, a plea of true to any alleged violation of community supervision is sufficient to support the revocation of community supervision. *Wilkerson v. State*, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.); *see Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.).

[6]Appellant states that he "cannot complain of the [trial] court's action in adjudicating him . . . . The complaint on appeal [concerns] the basis on which the court arrived at the decision to send him to prison instead of allowing him to remain on probation."

If we had simply the allegations in [paragraphs] 2, 3, 4, 6, and 8 [of the State's amended petition],[7] the Court would be of the mind that you should remain on probation. However, cutting off the [GPS] monitor and disappearing for four-and-a-half months is simply not something this Court is willing to overlook in the scheme of people who should remain on probation, but have violated their probation, versus people who should not remain on probation.

Appellant contends that these comments show that the trial court "placed a great deal of importance on the removal of the GPS device in determining to not allow [him] to remain" on community supervision. He asserts that if "no such term of [community supervision] was in effect, then the consideration of same for purposes of determining punishment runs afoul of due process."[8]

For two reasons, we overrule appellant's argument. First, the court of criminal appeals has instructed us that we should not reverse a trial court's revocation of community supervision when the court subjectively based the revocation on an invalid ground as long as there are objectively valid grounds to support the decision. *See Jackson v. State*, 508 S.W.2d 89, 90 (Tex. Crim. App. 1974). In *Jackson*, the trial court revoked probation based on an allegation that Jackson had committed a new offense. *Id.* at 89–90. On appeal, Jackson argued that the evidence of his new offense was based only on an inadmissible

---

[7]These paragraphs concerned appellant's alleged use of marijuana, his failure to furnish proof of employment, his failure to remain in Tarrant County or its contiguous counties, his failure to complete community service, and his continuing contact with a child.

[8]We note that the record from these two appeals does not preclude the possibility that the trial court ordered a GPS-monitoring condition with respect to appellant's charge for endangering a child.

7

oral confession. *Id.* at 90. The record showed that at the revocation hearing, the trial court stated that it might not have revoked probation without the oral confession. *Id.* Although the court of criminal appeals recognized that the oral confession was inadmissible, it upheld the revocation because other evidence supported it. *Id.* The court explained, "Whatever the reasons given for the judge's decision to revoke probation in an informal, oral discussion with defense counsel, if the decision itself be supportable, then it will not be disturbed on appeal." *Id.*

Following this principle from *Jackson*, our sister courts have repeatedly held that regardless of the reasons given by the trial court for revoking community supervision, if evidence supports the court's decision, we will not reverse it. *See Parker v. State*, No. 01-03-01347-CR, 2005 WL 729491, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2005, no pet.) (mem. op., not designated for publication); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.); *see also Lennox v. State*, No. 14-99-00205-CR, 2000 WL 424022, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 20, 2000, pet. ref'd) (not designated for publication) (holding that although a trial court expressly based its revocation decision on the defendant's failure to secure or maintain employment and the evidence was insufficient to support revocation on that ground, the revocation could be upheld based on the violation of other terms). Appellant does not challenge that other violations of his community supervision conditions objectively justify his revocation and sentence. Thus, because objectively-valid

reasons support the trial court's revocation, adjudication, and sentencing decisions, we will not disturb those decisions. *See Jackson*, 508 S.W.2d at 90; *Lennox*, 2000 WL 424022, at *2.

Second, the record does not show that the trial court would have necessarily made different decisions on revocation and sentencing if the evidence at the revocation hearing had established that appellant's wearing a GPS device was not a condition of his community supervision. In explaining why it was revoking appellant's community supervision and sentencing him to five years' confinement, the trial court relied, in part, on the first allegation in the State's first amended petition for adjudication, which concerned his failure to report to his community supervision officer from November 14, 2014 through March 2015. The court explained that appellant's "disappearing for four-and-a-half months [was] simply not something [the court was] willing to overlook."

Furthermore, although the trial court also relied on appellant's "cutting off the monitor" as a basis for its revocation and sentencing decisions, the court linked that act to appellant's candidacy for community supervision in the future. While testifying, appellant agreed that when he cut off his GPS monitor, he was "thumbing [his] nose" at the court, but he represented that he would be willing to wear a GPS monitor again if the court did not revoke his community supervision. Thus, even if appellant's wearing a GPS monitor was not a requirement of his community supervision but was instead a product of a mistaken belief among appellant, the State, and the court about the conditions of his community

9

supervision, we cannot conclude that the trial court erred by considering, as to whether appellant would likely comply with community supervision conditions in the future, that after he began wearing the monitor, he cut it off and disposed of it in an attempt to evade his responsibilities. In other words, appellant's removal and disposal of the GPS device, which he believed to be an act that violated his community supervision conditions, was probative of his fitness to remain on community supervision—as opposed to being sentenced to a term of confinement—whether or not wearing the device was actually a condition of community supervision. *See Parker v. State*, No. 05-13-01535-CR, 2014 WL 7497800, at *2 (Tex. App.—Dallas Dec. 29, 2014, no pet.) (not designated for publication) (explaining that in a unitary hearing concerning the revocation of community supervision, the trial court may consider evidence relevant to sentencing even if the evidence does not relate to the allegations in the petition to revoke); *Moreland v. State*, No. 05-11-00426-CR, 2012 WL 3010277, at *2 (Tex. App.—Dallas July 24, 2012, no pet.) (not designated for publication) (holding that the State was not required to allege in its petition to revoke that the defendant committed a recent offense to allow the trial court to consider that offense for sentencing purposes).

For these reasons, we cannot conclude that the trial court abused its discretion or violated appellant's due process rights by revoking his community supervision, adjudicating his guilt, and sentencing him to five years' confinement.

*See* U.S. Const. amend. XIV, § 1; *Rickels,* 202 S.W.3d at 763. We overrule appellant's first point.

## Restitution

In his second point, appellant contends that the trial court's final judgment on the burglary charge should be reformed to delete the requirement that he pay $500 in restitution.[9] As explained above, although the trial court ordered restitution in its deferred adjudication order in the burglary case, the court did not orally pronounce any restitution requirement when it adjudicated appellant's guilt and sentenced him.

A judgment adjudicating guilt sets aside a fine or restitution requirement that is contained in an order deferring adjudication and that is not orally pronounced by the court when it revokes community supervision and convicts and sentences the defendant. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). In such a case, we must reform the judgment to delete the fine or restitution requirement. *See Burt v. State*, 445 S.W.3d 752, 759–60 & n.32 (Tex. Crim. App. 2014); *Taylor*, 131 S.W.3d at 502; *Alexander*, 301 S.W.3d at 364. Therefore, because the trial court did not orally pronounce any restitution requirement when it convicted and sentenced appellant, we must reform the

---

[9]The State candidly agrees with this assertion.

11

judgment concerning appellant's burglary conviction to delete the requirement for him to pay restitution. We sustain appellant's second point.

## Conclusion

Having overruled appellant's first point and having sustained his second point, we modify the "Judgment Adjudicating Guilt" in the burglary case—appellate cause number 02-15-00148-CR—to delete the requirement that appellant pay restitution of $500. We affirm that judgment as modified and affirm the "Judgment Adjudicating Guilt" in cause number 02-15-00150-CR in all respects. *See* Tex. R. App. P. 43.2(a), (b).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 3, 2015

12