# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00290-CR

---

**Issac Caballero, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY
NO. 22-00807-1, THE HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

## O P I N I O N

This case arises from appellant Issac Caballero's appeal from an adjudication of guilt following the revocation of his deferred-adjudication community supervision. In 2022, Caballero was charged with criminal mischief in Williamson County, Texas, and agreed to plead guilty in exchange for being placed on deferred-adjudication community supervision for 18 months. Later, the State moved to adjudicate appellant's guilt for alleged violations of the conditions of his community supervision, and the trial court found that appellant had violated the conditions by failing to report an arrest to his Community Supervision Officer. Appellant argues that insufficient evidence was presented at the revocation hearing to support the court's finding. We affirm the trial court's judgment adjudicating guilt.

## BACKGROUND

Appellant was placed on deferred-adjudication community supervision on August 22, 2022. Among the conditions of his community supervision were the following:

Commit no offense against the laws of this state or any state or the United States or any other country. Defendant shall notify the Community Supervision Officer ("the Officer") in charge of the case within 48 hours of being arrested or charged with a criminal offense.

Defendant shall perform 40 hours of Community Service Restitution through the Williamson County CSCD CSR Program or a worksite which has been pre-approved by the Williamson County CSCD CSR Program Director, at a rate of no less than 8 hours a month.

On October 4, 2023, the State filed a motion to adjudicate appellant's guilt. The State later amended this motion on December 8, 2023. In its amended motion, the State alleged three violations of appellant's community-supervision conditions: (1) appellant committed a new offense in Travis County; (2) appellant failed to report an arrest or charge against him within 48 hours; and (3) appellant failed to perform his required community service hours.

A hearing took place on the State's motion on March 28, 2024. Before the hearing began, the State abandoned its third allegation, regarding appellant's community service hours.

The State called two witnesses to testify during the hearing. Nickie Vasquez, appellant's community-supervision officer, testified at the hearing that appellant violated the first community-supervision condition because he "obtained a new assault family violence charge in Travis County, and he did not notify [her] within 48 hours of the arrest." Further, Vasquez testified that she received both a "Flash Notice" reporting appellant's new offense and a copy of appellant's offense report. The State offered into evidence a record of emails, phone calls, and

2

other documents related to appellant's community supervision, referred to as the "Probation Chronologicals." These records include the "Flash Notice" mentioned by Vasquez, which states that appellant was arrested on November 28, 2023. Additionally, the records detail phone and email conversations between Vasquez and members of the Austin Police Department, in which they noted that an arrest warrant was issued for appellant and that appellant self-surrendered on the warrant.

James Looker, an officer with the Austin Police Department, testified that he responded to a reported altercation involving appellant on November 11, 2023. Officer Looker interviewed the complaining witness, who appeared upset and had several minor injuries. Officer Looker testified that he was unable to locate appellant, so no arrest was made at that time. Officer Looker did not testify whether appellant was charged or arrested following this incident.

Appellant did not call any witnesses to testify during the guilt phase. However, he offered into evidence the State's motion to dismiss his assault-family-violence charge.

In his closing argument, defense counsel argued that appellant "was never arrested on scene. The warrant was issued, and [appellant] did a walk through. Still didn't hear what date he was supposed to have notified them." Asked by the trial court whether he "contest[ed] the fact that ultimately the defendant was arrested by Travis County," counsel replied, "[Appellant] did a walk through, Judge, yes, so technically he was arrested."

At the conclusion of the hearing, the trial court found that the State had failed to prove by a preponderance of the evidence that appellant had committed a new offense. The court found, however, that appellant had failed to report an arrest to his Community Supervision

3

Officer, adjudicated his guilt for the underlying offense, and sentenced him to 30 days' incarceration. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to adjudicate guilt and revoke community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Wade v. State*, 693 S.W.3d 861, 864 (Tex. App.—Austin 2024, no pet.); *see also* Tex. Code Crim. Proc. art. 42A.108(b). A trial court abuses its discretion in revoking community supervision when the State fails to meet its burden of proof regarding a violation of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The State need prove only a single violation to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

"In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763. That burden is met when the greater weight of the credible evidence before the court creates a reasonable belief that the defendant has violated a condition of community supervision as alleged. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels*, 202 S.W.3d at 764. We must view the evidence in the light most favorable to the trial court's decision. *See Browder v. State*, 109 S.W.3d 484, 490 (Tex. Crim. App. 2003). The trial court at a probation revocation hearing "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865.

4

**DISCUSSION**

**I.      The Evidence Presented During the Hearing Was Sufficient to Prove That Appellant Failed to Report an Arrest Within 48 Hours.**

Appellant argues that the State failed to present sufficient evidence that he was actually arrested. As such, he contends that the evidence does not show that he failed to *report* an arrest. Specifically, he argues that his performing a "walk-through" at the county courthouse to secure bond on his outstanding arrest warrant did not constitute an arrest.

There was undisputed evidence that appellant self-surrendered to authorities after a warrant was issued for his arrest and that information that he was arrested was relayed to his probation officer. We must determine whether this evidence constitutes sufficient evidence of an arrest.

An arrest is a technical term with an established history in the common law. *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000). An arrest is completed whenever a person's liberty of movement is restricted or restrained. *Hardinge v. State*, 500 S.W.2d 870, 873 (Tex. Crim. App. 1973). This can occur through physical contact or force or by "submission to authority." *Medford*, 13 S.W.3d at 773. Whether a person has been arrested depends on the specific circumstances of the situation. *See Woods v. State*, 970 S.W.2d 770, 775 (Tex. App.—Austin 1998, pet. ref'd).

Although the question of whether an individual who is subject to an arrest warrant is arrested when he voluntarily turns himself in to authorities appears to be one of first impression in the context of community-supervision revocation, we find it persuasive that the Texas Court of Criminal Appeals recently concluded that a defendant with an active arrest warrant of which he was aware was arrested for purposes of the Damon Allen Act when he

voluntarily walked into a courtroom.[1] *See Ex parte Gayosso*, 685 S.W.3d 100, 102 (Tex. Crim. App. 2023); *see also Mauney v. State*, 107 S.W.3d 693, 694–95 (Tex. App.—Austin 2003, no pet.) ("[Defendant] turned himself in to the Plano Police Department[] and was arrested."); *Jones v. State*, 944 S.W.2d 50, 53 (Tex. App.—Texarkana 1997, pet. ref'd) ("Jones was arrested in February 1996, when he turned himself in."); *Harris Cnty. Dist. Attorney's Off. v. Burns*, 825 S.W.2d 198, 202 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (determining that man subject to arrest warrant was arrested for purposes of expunction statute when he surrendered himself to court bailiff and was released on personal recognizance bond). *But see Segovia v. State*, No. 14-08-00176-CR, 2009 WL 1678024, at *7 (Tex. App.—Houston [14th Dist.] June 9, 2009, pet. ref'd) (mem. op., not designated for publication) ("It is undisputed that appellant was not arrested; instead, he turned himself in after charges had been filed on May 14, 2007.").

The State also provided other evidence of appellant's arrest. The State's second witness, Ms. Vasquez, who was appellant's community-supervision officer, testified that on November 29, 2023, she received a "Flash Notice" from Travis County "showing [appellant] committed a new offense of assault causes bodily injury." The notice, which was admitted into evidence, stated that appellant "was arrested 11/28/23 by Travis Co SO for Assault BI/FV." Other probation records admitted into evidence show that Ms. Vasquez spoke with a Travis County detective, who informed her that "the warrant was issued by APO on 11/21/23 and the

---

[1] The Damon Allen Act requires that a public safety report be prepared when a magistrate considers the release on bail of a person charged with a Class B misdemeanor offense or higher. Tex. Code Crim. Proc. art. 17.022. However, this requirement only applies to defendants arrested after January 1, 2022. *Id.* The Court's decision in *Gayosso* turned on whether the defendant was arrested after that date, thus invoking the Act. *Ex parte Gayosso*, 685 S.W.3d 100, 102 (Tex. Crim. App. 2023).

6

arrest on 11/28/23 was a self-surrender on said warrant." Ms. Vazquez testified that appellant did not notify her of an arrest or charge within 48 hours of the date listed on the Flash Notice.

The evidence, viewed in the light most favorable to the trial court's ruling, is sufficient to support the conclusion that appellant was arrested and failed to report that arrest. *See Hacker*, 389 S.W.3d at 865.

## II. There Was Sufficient Evidence that Appellant Failed to Report a Charge to Support the Trial Court's Ruling.

Alternatively, there was sufficient evidence to show that appellant failed to report a charge against him within 48 hours. The trial court, in making its ruling, stated "that the allegation contained in the State's first amended motion to adjudicate with respect to failing to inform the probation officer of an arrest is true. The court did not address whether appellant also failed to report a charge. Both failure to report an arrest and failure to report a charge were included in the same condition that the court found appellant had violated.

Regardless of the reasons given by the trial court for revoking community supervision, if evidence supports the court's decision it will not be disturbed on appeal. *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.) (citing *Jackson v. State*, 508 S.W.2d 89, 90 (Tex. Crim. App. 1974)). At the hearing, defense counsel offered into evidence the State's motion to dismiss appellant's assault-family-violence charge—the same alleged offense for which he was arrested. Not only does the motion explicitly state that appellant was charged with an offense, but the State would have had no need to file the motion to dismiss if appellant had not been charged. Moreover, Ms. Vasquez testified during the hearing that appellant "obtained a new assault family violence charge in Travis County, and he did not

7

notify [her] within 48 hours of the arrest." She also testified that he never "t[old] her that he picked up a new offense."

Because appellant was required to report any charge to Ms. Vasquez, and he failed to report the charge shown on the motion to dismiss, there is sufficient evidence to support the trial court's judgment that appellant violated a condition of his community supervision. *See Hacker*, 389 S.W.3d at 865. We overrule appellant's sole issue on appeal.

## CONCLUSION

Because we overrule appellant's sole issue, we affirm the trial court's judgment adjudicating guilt.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed: December 6, 2024

Publish

8