

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00866-CR

Sherise Nicole **LEVINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR0827
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 21, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Sherise Nicole Levins appeals the judgment revoking her community supervision and sentencing her to prison. Levins was charged with hindering apprehension of a felon. In March 2010, she entered into a plea agreement, pursuant to which the trial court placed her on deferred adjudication community supervision for a period of two years. The order of deferred adjudication imposed court costs of "$310.00 plus atty fees." The terms of Levins's community supervision required that she pay the court appointed attorney fee "in the amount assessed by the Court;" however, the record is silent as to the amount of accrued attorney's fees. The trial court

subsequently revoked Levins's community supervision. The court adjudicated Levins guilty and sentenced her to five years in prison, but suspended the sentence of confinement and placed her on community supervision for a period of five years. The judgment adjudicating guilt imposed court costs of "$1,010 plus atty fees." The new terms of community supervision required Levins pay the court appointed attorney's fees "in the amount of $TBD assessed by the Court." Again, the record is silent as to the amount of accrued attorney's fees Levins was required to pay.

In September 2013, the State filed a motion to revoke Levins's community supervision. Levins pled true to violating terms of her supervision, the supervision was revoked, and the trial court imposed a four-year prison term. In addition, the judgment imposed court costs on Levins of "$1,310.00 plus atty fees." After Levins filed her notice of appeal, the Bexar County District Clerk certified a bill of cost that includes $1000.00 for appointed attorney's fees.

Levins's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes there are no meritorious grounds for review and the appeal is frivolous. However, counsel asserts that the judgment and bill of costs should be reformed to delete the requirement that Levins pay attorney's fees as costs. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided Levins with copies of the brief and motion to withdraw. Levins was also informed of her right to review the record and file her own brief. Levins did not file a pro se brief and the State affirmatively waived its right to file a brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing attorney's fees as costs against Levins should be modified. A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material

change in the defendant's financial circumstances occurs.'" *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013)). The record in this case provides no factual basis for a determination that Levins has had a change in financial circumstances or is able to pay attorney's fees. *See Cates*, 402 S.W.3d at 252. Because nothing in the record indicates Levins could have knowingly and intelligently waived her right to appeal the amount of attorney's fees until the bill of costs was issued on January 28, 2014, after this appeal was filed, Levins did not forfeit her right to appeal the imposition of fees that accrued before the final revocation proceeding. *See Lawrence v. State*, 420 S.W.3d 329, 334-35 (Tex. App.—Fort Worth 2014, pet. ref'd).

The proper remedy is to reform the judgment and to delete attorney's fees from the bill of costs and any ensuing order permitting withdrawals from appellant's inmate account. *See Cates*, 402 S.W.3d at 251-52; *Tarver v. State*, No. 02-13-00394-CR, 2014 WL 1510105 (Tex. App.—Fort Worth, April 17, 2014, no pet.) (mem. op., not designated for publication); *McCardle v. State*, No., 07-1300384-CR, 2014 WL 1004641 (Tex. App.—Amarillo, March 11, 2014, no pet.) (mem. op., not designated for publication).

We therefore modify the judgment to delete the assessment of attorney's fees against Levins. The bill of costs and any order to withdraw funds from appellant's inmate trust account are modified to delete the requirement that she pay $1,000 in court-appointed attorney's fees. We grant the motion to withdraw filed by Levins's counsel and affirm the trial court's judgment as modified.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH