

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00021-CR

MICHAEL KENNETH LAWRENCE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Michael Kenneth Lawrence appeals from the revocation of his deferred adjudication community supervision.  Appellant asserts in five issues that (1) the trial court abused its discretion by granting the State's petition to proceed to adjudication, (2) the trial court abused its discretion by assessing a maximum term of confinement for a minor violation of community supervision, (3) there is no evidence to support the trial court's inclusion of appointed attorney's fees in

the judgment, (4) this court should reform the judgment to delete a duplicate appointed attorney's fees award included as "reparations," and (5) this court should reform the judgment to delete the court costs also included in the amount listed as "reparations."  We modify the judgment to delete the requirement that appellant repay his court-appointed attorney's fees, standing alone and as part of reparations, and we affirm the remainder of the judgment as modified.

## Procedural Background

Appellant pled guilty, pursuant to a plea bargain, to the offense of injury to a child and was placed on ten years' deferred adjudication community supervision.  The State subsequently filed a petition to proceed to adjudication, claiming that appellant had violated the terms of his community supervision by, among other things, failing to complete the total number of hours of community service as ordered by the trial court.  Although appellant pled not true to this allegation, the trial court found it to be true.

## Propriety of Adjudication and Sentence

In his first two issues, appellant contends that the trial court abused its discretion by granting the State's petition to proceed to adjudication and by assessing a maximum term of confinement for a minor violation of community supervision.

2

**Trial Court Did Not Abuse Its Discretion By Adjudicating Guilt**

**Standard of Review**

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2013); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873–74 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

**Evidence Sufficient to Prove Community Service Not Completed**

Appellant contends that the trial court abused its discretion by finding that he failed to perform all of the required hours of community service because he

3

did complete some and there was no evidence regarding the number of hours he had actually completed. Although appellant concedes that it is undisputed that he failed to complete at least ten hours of service per month, he argues that the State alleged only that he "failed to complete the total number of hours as ordered" by the trial court. Appellant also contends there was no evidence that his supervision officer or the trial court ever directed him to perform the community service.

The trial court signed conditions of community supervision on August 20, 2010, which included the following: "Complete 160 hours of community service restitution at the rate of no fewer than 10 hours per month as directed by the court or supervision officer." The State alleged in its petition to adjudicate that "[i]n violation of this condition, [appellant] failed to complete the total number of hours as ordered by the [c]ourt." This allegation can be fairly read as alleging that appellant failed to complete 160 hours and that he also failed to complete at least ten hours per month "as ordered by" the trial court. *See Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977) (holding that allegations in motion to revoke must fully and clearly set forth the alleged violations of the community supervision "so that the defendant and his counsel might be informed as to that upon which he will be called to defend").

Nothing in the condition itself indicates that the modifying phrase "as directed by the court or supervision officer" was intended to limit the immediately preceding phrase, "no fewer than 10 hours per month"; instead, a logical reading

4

of the condition in its entirety indicates that appellant was expected to perform no less than ten hours each month and that those ten hours would also need to be completed at the direction of the court or supervision officer. In other words, appellant did not have complete discretion to complete the ten hours in any manner he wished. The phrase does not indicate, as appellant argues, that he was required to complete ten hours of community service per month only if the court or supervision officer gave him further directions to do so. *See Greathouse v. State*, 33 S.W.3d 455, 459 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("[C]onditions of probation must be 'clear, explicit, and unambiguous so that the probationer understands what is expected of him.'").

At the hearing on the petition to adjudicate in January 2013, appellant's supervision officer testified that he had not completed the total hours ordered and that he had not completed at least ten hours per month. She also testified that appellant had completed some community service hours, but she did not know the exact amount. The trial judge was entitled to believe this testimony to mean that appellant violated this condition of his community supervision in both of the ways alleged by the State.

Counsel for appellant argued that "there's no testimony as to how much he did or he did not do in community service." But if appellant had completed at least ten hours of community service monthly beginning in September 2010—the first full month of his community supervision, he would have completed his total hours no later than December 2011. We conclude and hold that the trial court

5

did not abuse its discretion by finding that appellant violated at least one term of his community supervision and adjudicating him guilty. We overrule his first issue.

### Sentence Is Not Excessive

The State contends that appellant failed to preserve his complaint about his sentence. Appellant filed a pro se motion for new trial, in which he contended that his sentence was excessive in comparison to the alleged violations. Although the State contends that nothing in the record indicates that the motion was ever presented to the trial judge, the motion itself has the following handwritten notation at the top, "Copy to S & D," with the trial judge's initials and the date following. The docket sheet contains a stamped entry stating that the motion for new trial was filed and sent to the State and court of appeals. We conclude and hold that the motion was presented to the trial judge, who could have decided to let it be overruled by operation of law. *See* Tex. R. App. P. 21.8(a); *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009) ("The Rules of Appellate Procedure . . . require some documentary evidence or notation that the trial judge personally received a copy of the motion and could therefore decide whether to set a hearing or otherwise rule upon it."), *cert. denied*, 131 S. Ct. 103 (2010); *cf. Stokes v. State*, 277 S.W.3d 20, 24–25 (Tex. Crim. App. 2009) (holding that unsigned notation on docket sheet that motion for new trial was presented to judge, who did not rule on it, was sufficient to show

presentment under rule 21.6).[1]  Accordingly, we will address the merits of appellant's complaint.

Generally, punishment assessed within the permitted statutory range is not subject to a challenge for excessiveness.  *Kim v. State*, 283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Ewing v. California*, 538 U.S. 11, 20–21, 123 S. Ct. 1179, 1185 (2003) (recognizing that Eighth Amendment's "narrow proportionality principle" applies to noncapital sentences in "exceedingly rare" cases).  A sentence may, however, violate the Eighth Amendment if it is grossly disproportionate to the offense committed.  *Solem v. Helm*, 463 U.S. 277, 288, 290, 103 S. Ct. 3001, 3008–09 (1983).  Our first inquiry, then, is to compare the gravity of the offense committed with the severity of the sentence.  *Id.* at 290–91, 103 S. Ct. at 3010.

Appellant urges us to compare his sentence to the gravity of the alleged violation of his community supervision.  But when deferred adjudication community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute.  *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999).  Thus, when reviewing excessiveness in a case in which the trial court has adjudicated guilt based upon the violation of deferred adjudication community supervision, we do not weigh the sentence

---

[1]Moreover, after the trial court had adjudicated appellant guilty but before it had assessed his sentence, appellant's counsel argued that "it seems unfair to give him a maximum sentence for a violation of community service . . . .  So I would ask the Court to sentence him at the low end of the term."

against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pled guilty. *See Atchison v. State*, 124 S.W.3d 755, 759–60 (Tex. App.—Austin 2003, pet. ref'd).

The record shows that appellant admitted to his counselor that he committed the offense to which he pled guilty—injuring a child under the age of fourteen by sexually assaulting that child four times over a two-month period. The sentence does not outweigh the gravity of the offense to which he originally pled guilty. We overrule appellant's second issue.

### Fees and Costs Awarded in Judgment

Appellant complains in his third through fifth issues about the judgment's imposition against him of (1) $14,475 in attorney's fees, (2) "reparations" of $17,897, which also includes the same $14,475 in attorney's fees, and (3) court costs of $295. The State contends that appellant has forfeited his right to complain about the attorney's fees and $270 of the court costs by waiving his right to appeal the original order placing him on deferred adjudication community supervision.

### Complaint About $270 in Court Costs, But Not Attorney's Fees, Forfeited

Appellant contends that the evidence is insufficient to support the appointed attorney's fees and court costs imposed against him in the judgment revoking his deferred adjudication community supervision. The court of criminal appeals has held that a sufficiency challenge to attorney's fees need not be preserved at trial. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

8

However, it has also held that a defendant who plea bargained for deferred adjudication community supervision, knowingly and voluntarily waived his right to appeal, and signed a judgment that included a special finding requiring him to pay attorney's fees of $400 could not challenge, in a subsequent revocation proceeding, the sufficiency of the $400 attorney's fees included in the original, plea-bargained judgment. *Wiley v. State*, 410 S.W.3d 313, 319–21 (Tex. Crim. App. 2013) (holding that challenge to sufficiency of attorney's fees awarded in plea-bargained judgment placing defendant on straight probation was precluded in appeal of subsequent judgment revoking probation); *see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (holding that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed").

Here, the original judgment placing appellant on deferred adjudication community supervision included court costs of $270 and "APPOINTED ATTORNEY FEES TO BE DETERMINED." As part of the plea bargain, appellant waived the right to appeal that judgment. Accordingly, he is precluded from now challenging the $270 in court costs awarded in that judgment. *See, e.g.*, *Wiley*, 410 S.W.3d at 319–21; *Manuel*, 994 S.W.2d at 661–62; *Lewis v. State*, Nos. 02-12-00088-CR, 02-12-00089-CR, 2013 WL 6115134, at *7 (Tex. App.—Fort Worth Nov. 21, 2013, no pet. h.) ("Because the record shows that Appellant knew at the time he was placed on community supervision that he

9

would be required to repay the $725.00 in attorney fees that had accrued and nonetheless expressly waived his right to appeal, we are constrained by *Wiley* to hold that Appellant has forfeited this part of his claim for review.").

But nowhere in that same judgment is an amount of appointed attorney's fees listed. In addition, the written plea admonishments do not mention attorney's fees. The conditions of community supervision, which were signed four days before the judgment and which were incorporated into it by reference, required appellant to pay to the District Clerk of Tarrant County "ATTORNEY FEES in the amount of $ (to be determined)." A certificate of proceedings—signed by the presiding trial judge[2] and dated September 8, 2010, fifteen days after that same judge signed the order deferring adjudication—notes, "9-8-10 court update – defn to pay $13,425.00 for appt atty fees, payable to dclk." However, nothing in the record indicates that appellant agreed to this amount, was able to pay this amount, or was even aware that he was required to pay this amount.[3] There are no supplemental conditions of community supervision requiring him to pay this amount.

With respect to appointed attorney's fees, then, this case is factually distinguishable from *Wiley* and this court's recent opinion in *Lewis*. Nothing

---

[2]A visiting trial judge presided over the plea proceeding.

[3]According to documents in the record, appellant paid only $213 of a fine imposed in the original judgment and an $8 transaction fee between the time he was placed on community supervision and the time the trial court revoked it and adjudicated him guilty.

10

indicates that part of appellant's agreement with the State was that he would repay appointed attorney's fees to the county. The order imposing fees "to be determined" was not signed by the trial judge until several days after appellant pled guilty and signed conditions of supervision. At the time the trial court signed the order deferring adjudication, there was nothing for appellant to challenge with respect to attorney's fees and, therefore, nothing for him to knowingly and intelligently waive. *See Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); *cf. Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.) (noting that article 103.001 of the code of criminal procedure provides that court costs are "not payable . . . until a written bill of costs is produced or ready to be produced"). *But cf. Riles v. State*, No. 07-12-00386-CR, 2013 WL 5568716, at *1–3 (Tex. App.—Amarillo Oct. 7, 2013, no pet. h.) (following *Wiley* when the appellant had agreed to repay attorney's fees as part of plea bargain and those fees were incorporated into judgment deferring adjudication by reference to attached bill of costs); *Jackson v. State*, No. 02-09-00258-CR, 2010 WL 5186811, at *2–5 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (op. on PDR) (mem. op., not designated for publication) (holding same pre-*Wiley*).

Here, the bill of costs was not produced by the district clerk until August 30, 2013.[4] Nothing in the record indicates that appellant could have

---

[4]The court of criminal appeals has held that a judgment that assessed court costs—and included a category of "APPOINTED ATTORNEY" but did not list an amount of attorney's fees to be paid—was subject to challenge in a postconviction writ proceeding that the court construed as a mandamus when,

knowingly and intelligently waived his right to appeal the amount of attorney's fees until then. *See* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006); *Armstrong v. State*, 340 S.W.3d 759, 765–67 (Tex. Crim. App. 2011) (comparing attorney's fees to court costs); *cf. Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009) (holding that defendant did not knowingly and intelligently waive his right to postconviction habeas relief on a claim of ineffective assistance and summarizing its prior waiver holdings as follows: "Thus, . . . a defendant may waive his right to appeal, but . . . his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, *he is aware of what has occurred* in the trial proceedings. Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver." (emphasis added)).

Accordingly, we conclude and hold that appellant did not forfeit this issue for appellate review by entering into the plea bargain and waiving his right to appeal the order deferring adjudication. Therefore, he may now challenge the sufficiency of those fees on appeal. *See Mayer*, 309 S.W.3d at 556. Because the State has conceded that the evidence is not sufficient to support the inclusion of appointed attorney's fees in the judgment, we sustain appellant's third issue.

nine years later, the clerk issued a bill of costs that included $7,945 in appointed attorney's fees. *In re Daniel*, 396 S.W.3d 545, 549 & n.19 (Tex. Crim. App. 2013); *see also Ex parte Knight*, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013) (providing that when plea-bargained, and therefore unappealable, judgment ordered applicant to pay items in bill of costs, which was not issued until day after judgment signed, applicant could seek mandamus relief from court of appeals as to propriety and sufficiency of amount of attorney's fees included in bill of costs).

*See* Tex. Code Crim. Proc. Ann. art. 26.05(f)–(g) (West Supp. 2013) (requiring trial judge to order convicted defendant to pay appointed attorney's fees "as court costs" in whatever amount the trial judge determines the defendant has financial resources to pay); *Mayer v. State*, 274 S.W.3d 898, 901–02 (Tex. App.—Amarillo 2008) (holding record must affirmatively show that appellant had sufficient financial resources to offset appointed attorney's fees for those fees to be included as costs in judgment), *aff'd*, 309 S.W.3d at 558. In addition, because the State also concedes that the attorney's fees amount was also duplicatively included in the reparations award, we sustain appellant's fourth issue.

**Evidence Sufficient to Support Additional $25 in Court Costs**

We are thus left with appellant's preserved complaint about the additional $25 in court costs imposed in the post-adjudication judgment of conviction. Appellant contends that the bill of costs contained in a supplemental clerk's record is defective because it has only a typed name in its certification and not a handwritten signature, it fails to meaningfully explain what the costs are for, the line-item costs themselves are not dated and nothing shows that the trial judge ever saw them, and the bill fails to identify to whom the costs are owed.

Article 103.001 of the code of criminal procedure provides, "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." Tex. Code Crim. Proc. Ann. art. 103.001. Here, the bill of costs included in a

13

supplemental clerk's record contains the district clerk's certification stamp, which is sufficient. *Ramirez v. State*, 410 S.W.3d 359, 364 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Paulus v. State*, 633 S.W.2d 827, 849–50 (Tex. Crim. App. [Panel Op.] 1981) (noting that the court had previously upheld "[t]he use of a stamp producing a facsimile of an original signature in signing legal documents).

Additionally, although appellant contends that the itemized list of costs is "meaningful only to those fluent in district court speak," a review of the applicable statutes requiring the clerk to impose the fees renders their purposes easily ascertainable. *See* Tex. Code Crim. Proc. Ann. art. 102.0045 (West Supp. 2013) (requiring clerk to collect $4 jury service fee from convicted person), art. 102.005 (West 2006) (requiring convicted defendant to pay $40 for a clerk's fee, plus $22.50 to county records management and preservation fund and $2.50 to clerk's records management and preservation fund), art. 102.011 (West Supp. 2013) (requiring convicted defendant to pay $50 for the execution or processing of a warrant or capias and $5 for a peace officer's either issuing a written notice to appear in court, summoning a witness, effecting commitment or release, or summoning a jury), art. 102.017 (West Supp. 2013) (requiring convicted defendant to pay a $5 security fee); Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2013) (requiring defendant to pay $133 for a felony conviction), § 133.105 (West 2008) (requiring person convicted of offense to pay $6 for support of the judiciary), § 133.107 (West Supp. 2013) (requiring convicted

14

person to pay $2 for indigent defense fund).  These fees correspond to the descriptions, however brief and abbreviated, in the bill of costs and total $270.  It can be deduced as well that the additional $25 entry for "Time Payment" was included in accordance with section 133.103(a) of the local government code, which provides that a person convicted of a felony, who does not pay court costs imposed within thirty days of the date the judgment is entered, should be charged a fee of $25.  *See* Tex. Loc. Gov't Code Ann. § 133.103(a) (West Supp. 2013). The record amply supports the conclusion that appellant failed to pay any of the $270 in court costs imposed in the original judgment.

Moreover, appellant's argument that there is no evidence the trial judge saw the bill of costs before it was issued is not well-taken as it relies on an opinion in which a signed bill of costs had not been issued.  *See Houston*, 410 S.W.3d at 479 & n.3 (noting that the document produced in *Johnson v. State*, 389 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), was not a bill of costs complying with section 103.001, but rather an unsigned computer screen printout).

Accordingly, we overrule appellant's fifth issue challenging the court costs imposed in the judgment revoking his deferred adjudication community supervision.

## Conclusion

Having sustained appellant's third and fourth issues, we modify the judgment to delete the following language on the second page in its entirety:

"APPOINTED ATTORNEY FEES IN THE AMOUNT OF $14,475.00 PAYABLE TO AND THROUGH THE DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TX ORDERED AS A CONDITION OF PAROLE UNDER ARTICLE 26.05(g) T.C.C.P."  We also modify the judgment to reduce the amount of reparations to "$3,422.00."[5]  We affirm the remainder of the judgment as modified.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

PUBLISH

DELIVERED:  January 2, 2014

---

[5]Appellant has not challenged the remaining amounts included in the trial court's judgment as "reparations":  $1,569 in "probation fees," $1,066 "due to CSCD," and $787 remaining unpaid of the $1,000 fine imposed in the judgment deferring adjudication.