

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00558-CR

JACK FREDERICK MANSION                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1170620R

----------

## MEMORANDUM OPINION[1]

----------

The trial court placed Appellant Jack Frederick Mansion on ten years' deferred adjudication community supervision upon his plea of guilty to aggravated sexual assault of a child under fourteen years of age. The State later petitioned the trial court to adjudicate Mansion guilty of the underlying offense due to his alleged violation of several conditions of his community supervision.

---

[1]*See* Tex. R. App. P. 47.4.

After a hearing, the trial court found true the State's allegations numbered one, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, and fourteen; found Mansion guilty of the underlying offense; and sentenced him to thirty-five years' confinement.[2]  In a single point, Mansion argues that the trial court abused its discretion by adjudicating him guilty because he substantially complied with the terms of his probation—he was only several months short of completing sex offender counseling, he completed part of his community service, he drove with a suspended license in furtherance of his job, he had blocking software on his computer and no alcohol in his home, and he was unable to see one of the locations that formed the basis of a child-safety-zone violation.

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2013); *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd).  We review an order revoking community

_____

[2]Allegation one alleged that Mansion had failed to complete sex offender treatment.  Allegations four, five, and six alleged that Mansion had gone within 1,000 feet of three different child safety zones.  Allegations seven, eight, and nine alleged that Mansion had possessed and viewed images that depicted or displayed nudity.  Allegation ten alleged that Mansion had failed to submit to a urine test.  Allegation eleven alleged that Mansion had used marijuana.  Allegation twelve alleged that Mansion had failed to complete the required number of hours of community service for various months in 2011, 2012, and 2013.  Allegation thirteen alleged that Mansion had driven with a suspended license.  Allegation fourteen alleged that Mansion had left Tarrant County without authorization.

supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

Mansion's conditions of community supervision say nothing about substantial compliance. They do, however, state that the trial court has the authority to revoke Mansion's community supervision for any violation of the conditions set forth therein. The State's witnesses testified that Mansion violated his community supervision by being discharged unsuccessfully from sex offender treatment, smoking marijuana, failing to submit to urine testing, viewing nudity on several occasions, and driving a vehicle without a valid license. Further, one of Mansion's conditions required him to complete 320 hours of community-service restitution at a rate of at least ten hours per month, and several of the State's witnesses testified that Mansion had completed zero hours of community service in November 2011; zero hours in February, August, and December 2012; and zero hours in January, February, March, April, and May 2013. Any one of these numerous violations is sufficient to support the trial court's adjudication decision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). To the extent that Mansion complains that the trial court erred by allowing an

3

allocution statement to be made by a person who was not authorized by statute to do so, Mansion does not argue, and we fail to see, how the decision, assuming it was error, affected his substantial rights. *See* Tex. R. App. P. 44.2(b). We hold that the trial court did not abuse its discretion by finding that Mansion violated his community supervision and adjudicating him guilty. We overrule Mansion's sole point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 26, 2014

4