

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00567-CR
### NO. 02-13-00568-CR

RICHARD CLIFTON CRANFILL                                        APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1288773D, 1288774D

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Richard Clifton Cranfill appeals court costs assessed against him after he made open pleas of guilty to two counts of aggravated assault with a deadly weapon, for which the trial court assessed concurrent sentences of fifteen years' confinement. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Each case's judgment recited $279 in court costs, and the record in each case includes identical bills of cost. Each bill of cost contains an itemized list of all of the fees accrued in the case, some of which use shorthand descriptions for the fee descriptions, such as "DC Rec Pre&Auto," for which $2.50 was assessed; "DC Recs Tech," for which $4 was assessed, and "Ind DefenseFund," for which $2 was assessed.[2]

Cranfill argues that the bills of cost are defective because they do not meet code of criminal procedure article 103's requirements that a bill of cost include "a statement of each fee or item of cost charged"; additionally, he argues that the bills of cost do not afford him adequate notice of the costs assessed because of the use of "cryptic, shorthand abbreviations" that fail to explain the costs' bases. *See* Tex. Code Crim. Proc. Ann. art. 103.009(a) (West 2006). Cranfill also complains that the record does not reflect that the trial court saw the bills of cost before entering court costs in the judgments and that there was no adequate evidentiary basis for the amounts when the trial court prepared the judgments.

We have previously addressed an itemized list of costs that an appellant complained was "meaningful only to those fluent in district court speak." *Lawrence v. State*, 420 S.W.3d 329, 336 (Tex. App.—Fort Worth 2014, pet. ref'd). We pointed out in that case that a review of the applicable statutes

---

[2]The remainder in each bill of costs lists "Clerk Fees" ($40), "Security Fees" ($5), "Crim. Records" ($22.50), "Jury Service FD" ($4), "PO Arrest Fee" ($50), "PO Commit/Rel" ($5), "Jud Support-CRM" ($6), "E-File Crim" ($5), and the largest amount by far, "CCC-Felony" ($133).

2

requiring the clerk to impose the fees renders the costs' purposes (and their full names) easily ascertainable. *Id.* at 336–37 (citing Tex. Code Crim. Proc. Ann. art. 102.0045 (West 2006 & Supp. 2014) ($4 jury service fee), art. 102.005 (West 2006) ($40 clerk's fee, $22.50 county records management and preservation fund fee, and $2.50 clerk's records management and preservation fund), art. 102.011 (West 2006 & Supp. 2014) ($50 fee for execution or processing arrest warrant or capias), art. 102.017 (West 2006 & Supp. 2014) ($5 security fee); Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West 2008 & Supp. 2014) ($133 fee for felony conviction), § 133.105 (West 2008) ($6 support-of-judiciary fee), § 133.107 (West 2008 & Supp. 2014) ($2 indigent defense fund fee)); *see also* Tex. Code Crim. Proc. Ann. art. 102.0169(a) (West Supp. 2014) (stating that a defendant convicted of a criminal offense in county or district court shall pay a $4 county and district court technology fee as a cost of court), art. 102.011(a)(6) (West 2006 & Supp. 2014) ($5 for commitment or release); Tex. Gov't Code Ann. § 51.851(d) (West Supp. 2014) ($5 electronic filing fee in criminal convictions).

As in *Lawrence*, the statutory fee amounts here correspond to the descriptions, however brief and abbreviated, in the bills of costs. *See* 420 S.W.3d at 337; *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (stating that mandatory costs are fixed by publicly published statutes, giving criminal defendants constructive notice of their provisions). Accordingly, the abbreviations were sufficient to provide adequate notice to Cranfill.

3

Further, a trial court may enter court costs without having a bill of cost before it.  *See Johnson*, 423 S.W.3d at 394 (holding that because court costs have no bearing on guilt or sentence, "matters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial").  We review the assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost; traditional *Jackson* evidentiary-sufficiency principles therefore do not apply.  *Id.* at 390.  Because the record reflects that the costs here are all statutorily-mandated and match the statutorily-mandated amounts, they all have a sufficient basis.  *See id.* at 396 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient."); *see also Peyronel v. State*, No. 01-13-00198-CR, 2014 WL 4109589, at *7–8 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet. h.) (applying *Johnson* to bill of costs challenge).  We overrule both of Cranfill's issues and affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 2, 2014

4