

# NUMBER 13-17-00360-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDREW LOUIS CANTU,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Andrew Louis Cantu appeals his sentence imposed by the trial court. By one issue, Cantu argues the trial court's revocation of probation and sentence of imprisonment was constitutionally excessive. However, through our own review of the record, we have found a non-reversible clerical error in the judgment of conviction. We modify the judgment to correct the error and, as modified, affirm.

# I.   BACKGROUND

In 2013, Cantu pleaded guilty to unlawful delivery of a controlled substance in penalty group one, and was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division, probated for five years.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West, Westlaw through 2017 1st C.S.). After three modifications throughout the term of Cantu's probation, the State filed a motion to revoke probation.  In its motion, the State alleged that Cantu had committed the felony offense of injury to a child (allegation # 1), was delinquent on his probation fees (allegations # 17, 21), and had not completed his community service hours (allegation # 24).  *See* TEX. PENAL CODE ANN. §§ 22.04 (West, Westlaw through 2017 1st C.S.).

At a hearing on Cantu's motion to revoke, Cantu pleaded not true to the allegations. The State put on testimony from a Victoria Police officer who responded to the scene of the injury to a child, an eyewitness, the child, and Cantu's probation officer.  Cantu also testified in his own defense.  Following the hearing, the trial court found allegation #1, the injury to a child, to be true and the other allegations to be not true.  The trial court then revoked Cantu's probation and sentenced him to ten years' imprisonment.  This appeal followed.

# II.   EXCESSIVE SENTENCING

By one issue, Cantu argues that the trial court's sentence of imprisonment constituted a constitutionally excessive sentence.

## A.   Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST.

amend. VIII.  Even though within the range permitted by law, a sentence may nonetheless be disproportionate to the gravity of the offense.  *See Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling.  TEX. R. APP. P. 33.1(a).  A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review.  *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State,* 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

## B.    Discussion

Generally, punishment assessed within the punishment statutory range is not subject to a challenge for excessiveness.  *Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd).  When community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute.  *See id.* When reviewing excessiveness in a case in which the trial court has revoked probation, we do not weigh the sentence against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pleaded guilty.  *See id.*; *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (appellant's sentence rests upon adjudication of guilt for crime alleged,

3

not appellant's violation of community supervision requirements that led to revocation).

Having reviewed the record, we note that appellant did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion. *See* TEX. R. APP. P. 33.1(a); *Arriaga v. State,* 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Accordingly, appellant has waived any error for purposes of appellate review. *See Rhoades,* 934 S.W.2d at 120; *Noland,* 264 S.W.3d at 151. Cantu's issue is overruled.

### III.    REFORMATION OF THE JUDGMENT

On review of the record, we observe that the written judgment of conviction contained non-reversible clerical errors. Page 2 of the judgment states that "the Court finds Defendant has violated the conditions of community supervision as set out in the State's Original Motion to Revoke Community Supervision as follows: #1, #17, #21, & #24." However, the trial court announced on the record it found violation # 1 to be true and violations # 17, 21, and 24 to be not true.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment of conviction to reflect the accuracy of the trial court's findings regarding the violations of community supervision.

4

## IV. CONCLUSION

We modify the judgment to correct the error and, as modified, affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of May, 2018.