

**NUMBER 13-17-00060-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

ANDREW CLINTON KING, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

**On appeal from the 25th District Court
of Lavaca County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant Andrew Clinton King appeals his sentence imposed by the trial court. By one issue, King argues the trial court's revocation of probation and sentence of imprisonment was constitutionally excessive. We affirm.

## I.    BACKGROUND

In 2015, King pleaded guilty to indecency with a child by contact, a second-degree felony, and was sentenced to seven years' deferred adjudication probation. *See* TEX.

PENAL CODE ANN. § 21.11 (West, Westlaw through 2017 1st C.S.). After one amendment to his probation, the State filed a motion to adjudicate guilt in 2016. In its motion, the State alleged that King had violated multiple conditions of his probation, including: driving with a suspended license, testing positive for alcohol, failing to report his income and change of address to the probation office, failing to perform community service hours, failing to comply with the rules and regulations of his sex offender treatment program, and failing to submit to a polygraph exam, and additional financial obligations.

At a hearing on King's motion to revoke, King pleaded true to all but two of the allegations set forth in the State's motion. There was no plea agreement with the State, and the trial court considered a pre-sentence investigation report in determining sentencing. The trial court also heard testimony from King and members of his family. Following the hearing, the trial court found allegations #1–17 and 20–22 true. The trial court then adjudicated King's guilt and sentenced him to eight years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. This appeal followed.

## II. EXCESSIVE SENTENCING

By one issue, King argues that the trial court's sentence of imprisonment constituted a constitutionally excessive sentence.

### A. Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Even though within the range permitted by law, a sentence may nonetheless be disproportionate to the gravity of the offense. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling. TEX. R. APP. P. 33.1(a). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

## B. Discussion

Generally, punishment assessed within the punishment statutory range is not subject to a challenge for excessiveness. *Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd). When community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute. *See id.* When reviewing excessiveness in a case in which the trial court has revoked probation, we do not weigh the sentence against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pleaded guilty. *See id.*; *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (setting out that an appellant's sentence rests upon the adjudication of guilt for the crime alleged, not an appellant's violation of community supervision requirements that led to the revocation).

3

Having reviewed the record, we note that appellant did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion. *See* TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Accordingly, appellant has waived any error for purposes of appellate review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151. However, even if King had objected to the trial court's sentence, the eight years' imprisonment was within the statutory range for a second-degree offense. King's sole issue is overruled.

## III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
28th day of June, 2018.