

# NUMBER 13-17-00612-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PEDRO LOPEZ JR.,                                                       **Appellant,**

**v.**

THE STATE OF TEXAS,                                                   **Appellee.**

### On appeal from the 25th District Court
### of Lavaca County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Pedro Lopez Jr. appeals his sentence for driving while intoxicated, third or more (DWI), a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.04. By one issue, Lopez argues the sentence of imprisonment was disproportionate to the seriousness of the offense and is constitutionally excessive. We affirm.

## I.  BACKGROUND

In 2012, Lopez pleaded guilty to DWI and was sentenced to eight years' imprisonment in the Texas Department of Criminal Justice–Institutional Division, probated for eight years, and assessed a $1,500.00 fine.   *See* TEX. PENAL CODE ANN. § 49.04.   In 2015, Lopez's probation was modified to include thirty days' imprisonment in the Lavaca County jail.   In January 2017, the State filed its first motion to revoke probation, alleging eleven violations.   In May 2017, the State filed an amended motion to revoke, alleging twelve violations.   In July 2017, the State filed its second amended motion to revoke, alleging fourteen violations including:   committing new criminal offenses, failure to report to probation, leaving Lavaca County without a written travel permit and residing in Oklahoma, failure to report new criminal offenses to his probation officer, failure to pay community service restitution, failure to pay the monthly community supervision fee, failure to pay his fine, failure to comply with curfew requirements, failure to provide proof of attendance to Alcoholics Anonymous meetings, and failure to enroll and complete the Treatment Alternative to Incarceration Program (TAIP).

At a hearing on the motion to revoke, the State abandoned the allegations relating to new criminal offenses and that he violated curfew.   Lopez waived the hearing and pleaded true to the remaining allegations in the State's motion to revoke.   The trial court found that Lopez had violated the terms and condition of his probation, revoked Lopez's probation, and sentenced him to eight years' imprisonment.   This appeal followed.

## II.  EXCESSIVE SENTENCING

By one issue, Lopez argues that the trial court's sentence of imprisonment

constituted a constitutionally excessive sentence.

## A. Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Even though within the range permitted by law, a sentence may nonetheless be disproportionate to the gravity of the offense. *See Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

Generally, punishment assessed within the punishment statutory range is not subject to a challenge for excessiveness. *See Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd). When community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute. *See id.* When reviewing excessiveness in a case in which the trial court has revoked probation, we do not weigh the sentence against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pleaded guilty. *See id.*; *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (noting that appellant's sentence rests upon adjudication of guilt for crime alleged, not appellant's violation of community supervision requirements that led to revocation).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in

a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

**B.     Discussion**

Having reviewed the record, we note that Lopez did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion. *See* TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Accordingly, appellant has waived any error for purposes of appellate review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151. Lopez's issue is overruled.

### III.     CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2019.

4