

# NUMBER 13-18-00691-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MURRAY JOHNSON IV,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellant Murray Johnson IV appeals the revocation of his community supervision

and his sentence of seven years' imprisonment in the Texas Department of Criminal

Justice-Institutional Division. By a single issue, he argues that his sentence constitutes

cruel and unusual punishment because it is disproportionate to his offense of evading

arrest with a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(a). We affirm.

## I. BACKGROUND

In June 2014, Johnson was indicted for evading arrest with a motor vehicle, a third-degree felony that was later enhanced to a second-degree felony based upon Johnson's two previous felony convictions. *See id.* §§12.42(a), 38.04(b)(2)(b). In November 2015, Johnson pleaded nolo contendere and was sentenced to ten years' imprisonment probated for seven years of community supervision. A nunc pro tunc judgment was signed in April 2016 that suspended Johnson's sentence for five years rather than the seven originally shown. In between the two judgments, the trial court amended his conditions of supervision three times by requiring Johnson to serve periods of days in the county jail and to attend a drug and alcohol relapse program.

The State moved to revoke Johnson's community supervision in January 2017 alleging Johnson's urinalysis tests were positive for marijuana in August, September, and October 2016. In addition, the State alleged that Johnson failed to pay fees and fines from December 2016 through December 2017, failed to comply with medication requirements at the local drug and rehabilitation facility in October 2016, failed to complete the drug and alcohol program in November 2016, and in December 2016 while committing theft, he injured a person by punching and kicking him. *See id.* § 29.02(a). The State then moved to dismiss the motion to revoke without prejudice.

2

In September 2017, the State refiled the motion to revoke and added additional violations. In May 2018, the trial court declined to revoke Johnson's community supervision, but sentenced him to thirty days' confinement in the county jail and extended his community supervision by an additional five years.

In July 2018, the State again moved to revoke Johnson's community supervision alleging that he committed new violations, possession with intent to deliver by actual transfer synthetic marijuana to a confidential informant on March 8, 2018, tested positive for cocaine, in addition to other violations of his supervision by failing to report or to pay fines and fees. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a).

During the hearing on the motion to revoke, the State called witnesses to establish that synthetic marijuana was seized from Johnson's residence area from an outdoor shed, witnesses testified that they were present the day of the seizure and observed Johnson sell synthetic marijuana to others and to them, that he was known to sell synthetic marijuana, and that he lived in the house on the premises with his wife and children. One witness testified that the small house in the back of the property appeared to be vacant. At the time the Beeville police searched the property, Johnson claimed he reported to the probation office, but his probation officer was never there when he arrived. He further testified that the probation department should have known Dr. Capitaine was supervising his medication, not a physician from the local clinic. He denied using cocaine and testified that some of his prescribed medication may have caused a false positive.

The trial court found the following allegations true: 2, 4, 6, 7, 8, 9, 10, 14, 15, 17 and 18. The trial court did not make findings on the remaining allegations. The State

3

withdrew allegations 11 and 12 at the hearing. After the hearing on October 24, 2018, the trial court revoked his supervision and imposed a sentence of seven years imprisonment. Johnson appeals.

## II. Cruel and Unusual Punishment

### A. Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. A sentence may be disproportionate to the gravity of the offense even when it is within the range permitted by law. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006). Although generally, punishment assessed within the punishment statutory range is not subject to a challenge for excessiveness. *See Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd).

When community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute. *See id.* When reviewing excessiveness in a case in which the trial court has revoked community supervision, we do not weigh the sentence against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pleaded guilty. *See id.*; *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (noting that an appellant's sentence rests upon adjudication of guilt for crime alleged, not his violation of community supervision requirements that led to revocation). The penalty range for Johnson's enhanced felony was two to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.33(a).

4

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

## B. Discussion

Johnson did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a timely post-trial motion.[1] *See* TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Accordingly, Johnson waived any error for purposes of appellate review. See *Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151. We also note that Johnson's sentence was at the lower end of the punishment range and he had two prior felony convictions.

Johnson's sole issue is overruled.

---

[1] Johnson's counsel filed an untimely motion for new trial. *See* TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). Although Johnson filed a timely pro se notice of appeal, there was a delay in appointing appellate counsel for him. Counsel was not appointed until after the time to file a motion for new trial had expired.

### III.     CONCLUSION

We affirm the judgment of the trial court.


GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
23rd day of April, 2020.