

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00056-CR

———————————————

TREVOR ALEXANDER ROGERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR23-00134

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant Trevor Alexander Rogers was indicted for aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b); *see also id.* § 12.33 (stating second-degree-felony punishment range of two to twenty years' confinement and up to a $10,000 fine). After the State reduced the charge to assault causing bodily injury to a family member, a Class A misdemeanor, Rogers pleaded guilty pursuant to a plea bargain in exchange for two years' deferred-adjudication community supervision. *See id.* § 22.01(a)(1), (b); *see also id.* § 12.21 (stating Class A misdemeanor punishment range of confinement in jail for up to a year and up to a $4,000 fine).

Less than a year later, the State moved to proceed to adjudication, alleging that Rogers had violated five of his community-supervision conditions. Rogers pleaded not true to the allegations, but the trial court found true all but one. The trial court adjudicated him guilty and sentenced him to a year's confinement in county jail.

In a single point, Rogers complains that the trial court abused its discretion when it revoked his community supervision, relying on his testimony that he had been working to provide financial support for his children and his wife's testimony that he was the family's primary breadwinner and was undergoing counseling.

The decision to proceed to an adjudication of guilt and to revoke deferred-adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex.

App.—Fort Worth 2014, pet. ref'd). We review revocation for an abuse of discretion. *Id.* (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Id.*

Rogers's October 24, 2023 conditions of community supervision required—among other things—his participation in sixty hours of community service "by working at the direction of [his] Community Supervision Officer," and completing "a minimum of 10 hours per month until all hours are completed." The State's September 24, 2024 motion to proceed to adjudication alleged, "The Defendant failed to participate in community service restitution as directed. The Defendant has all 60 hours of CSR to complete."[1]

At the January 28, 2025 hearing, Charles Landrum, a Van Zandt County probation officer, testified that Rogers had transferred onto his caseload from Cooke

---

[1]Rogers was also alleged to have violated the conditions that he commit no new offenses, that he report monthly to his community-supervision officer, that he pay community-supervision fees, and that he pay court costs. In his appellate brief, Rogers primarily focuses on the alleged bias and personal animosity against him by his ex-girlfriend, who testified about the alleged new-offense violations. In light of our disposition below, we need not address her testimony or that of Rogers's wife, who was pregnant at the time he allegedly hit her in the mouth with his elbow and prevented her nine-year-old child from calling 911—both new offenses alleged as community-supervision violations in the State's motion to revoke. *See* Tex. R. App. P. 47.1.

County. He had explained to Rogers where to complete his community service and how the hours were calculated, but he had never received any proof or reports of Rogers having worked his required sixty community-service hours. In contrast, Rogers testified that he thought he had completed five hours.

As the sole judge of the witnesses' credibility and the weight to be given their testimony, the trial court was entitled to find Landrum more credible than Rogers. *See id.* Viewed in the light most favorable to the trial court's ruling, we conclude that the evidence is sufficient by a preponderance to support the finding that Rogers did not complete any of his community-service hours, as alleged in the State's motion to revoke. *See id.* Because a single ground is sufficient to support the revocation, *see id.*, the trial court did not abuse its discretion by finding that Rogers had violated at least one term of his community supervision and adjudicating him guilty. We overrule his sole point.[2]

Having overruled Rogers's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 11, 2025

---

[2]Although Rogers argues that the trial court abused its discretion by revoking his community supervision and sentencing him to jail for a year, he does not argue that his sentence was excessive in light of the remaining evidence heard and viewed by the trial court, including his wife's 911 call and the text messages exchanged between them regarding domestic violence.

4