

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00055-CR
_____

KENDRICK JOEL SANDERS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1674794

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

In 2021, Appellant Kendrick Joel Sanders pled guilty to evading arrest or detention with a vehicle, a third-degree felony, in exchange for three years' deferred-adjudication community supervision, a fine, and a plea in bar of another charge. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A); *see also id.* § 12.34 (stating third-degree-felony punishment range is two to ten years' confinement and up to a $10,000 fine). His community-supervision conditions required, among other things, that he submit valid, non-diluted urine samples for testing for controlled substances, alcohol, and cannabinoids.

A year after Sanders was placed on deferred-adjudication community supervision, the State filed its first petition to proceed to adjudication, alleging three violations, including that Sanders had tested positive twice for tetrahydrocannabinol (THC). A month later, the State filed an amended petition, adding additional allegations, including that Sanders had provided a diluted urine sample. The State filed three more petitions, adding more allegations, including that he had two more positive tests for THC, before the trial court held a hearing at which Sanders pled "true but"[1] to the State's allegations, and the trial court allowed him to choose between going to prison

---

[1]A defendant who pleads "true-but" pleads "true" to the revocation allegations but attempts to explain why he or she should remain on community supervision. *See Tasby v. State*, No. 08-10-00100-CR, 2011 WL 2447936, at *1 (Tex. App.—El Paso June 15, 2011, pet. ref'd) (not designated for publication) (observing that appellant pled "true" but claimed there was an explanation for his probation violation).

or going to a Substance Abuse Felony Punishment Facility (SAFPF). Sanders opted for SAFPF, and the trial court extended his community supervision for eighteen months and added additional conditions.

Not long after Sanders had been released from SAFPF to a halfway house, the State again sought to proceed to adjudication, alleging three new violations, including that Sanders had submitted a diluted urine sample on or about May 23, 2024, and on or about June 6, 2024. At the hearing the following month, Sanders pled "true" to the State's first two allegations and "not true" to the diluted-urine allegation. After a hearing, the trial court found all three allegations "true," adjudicated Sanders's guilt, and sentenced him to five years' confinement.

In three points, Sanders argues that his "true" pleas to the first two of the State's three allegations were not knowing and voluntary and that insufficient evidence supports the trial court's findings on all three allegations. The State responds, among its other arguments, that the evidence is sufficient such that the trial court did not need to rely on Sanders's pleas.

We review a trial court's decision to adjudicate guilt with the same standard we use to review a trial court's decision to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.108(b); *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd) (explaining that the decision to proceed to an adjudication of guilt and to revoke deferred-adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision). We review

revocation for an abuse of discretion. *Lawrence*, 420 S.W.3d at 331 (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the community-supervision conditions. *Id.* A preponderance of the evidence is met if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated the community-supervision condition. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Lawrence*, 420 S.W.3d at 331.

Sanders pled "not true" to the State's allegation that he had submitted diluted urine samples on or about May 23, 2024, and June 6, 2024, and testified that he had not intentionally submitted diluted urine samples but had been drinking a lot of water. In contrast, Sanders's community-supervision officer testified that Sanders's urine samples on May 23, June 6, and June 11, 2024, were diluted and that the "third dilute in as many weeks, that establishes something of a pattern . . . especially when a probationer should be aware that we're looking for non-diluted drug tests."

Although Sanders asserts that there was insufficient evidence to show that he had intentionally or knowingly submitted diluted urine samples, the trial court—as the sole judge of the credibility of the witnesses and the weight to be given their testimony—was entitled to disbelieve Sanders's testimony that he had merely consumed

4

lots of water, particularly when his community-supervision officer testified that Sanders's three diluted samples tended to indicate a pattern and when Sanders had previously acknowledged similar violations before electing to go to SAFPF. *See id.* Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court could have found the State's third allegation true and thus did not abuse its discretion, and we overrule Sanders's third point without reaching the parties' remaining arguments. *See* Tex. R. App. P. 47.1. Having overruled Sanders's dispositive point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 23, 2025