

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00012-CR

BRODERICK THOMAS ACKERMAN, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1652365D

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Broderick Thomas Ackerman, III, pled guilty to attempted aggravated assault with a deadly weapon. Pursuant to a plea-bargain agreement with the State, Ackerman was placed on deferred adjudication community supervision for three years. Among other terms and conditions of his community supervision, Ackerman was required to report monthly in person and successfully complete a Substance Abuse Felony Punishment Facility Re-entry Court Program (the SAFPF Program).[1] In a motion to proceed with adjudication of guilt, the State alleged that Ackerman had violated those conditions. After an evidentiary hearing, the trial court agreed, adjudicated Ackerman's guilt, sentenced him to three years' imprisonment, and ordered him to pay a $150.00 fine.

In his sole point of error on appeal, Ackerman challenges the sufficiency of the evidence supporting the trial court's finding that he violated a term and condition of his community supervision.[2] We find that sufficient evidence supported the trial court's decision to revoke community supervision and adjudicate Ackerman's guilt. Even so, we must modify the trial court's judgment to reflect that Ackerman pled "not true" to the State's adjudication motion. As modified, we affirm the trial court's judgment.

---

[1]Ackerman also agreed to pay $960.00 in reimbursement fees, which included fees for his court-appointed counsel, as a term and condition of his community supervision.

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

## I.     Sufficient Evidence Supported the Trial Court's Finding that Ackerman Violated a Term and Condition of Community Supervision

### A.     Evidence at the Hearing

At the adjudication hearing, the State proffered the testimony of Colton Bell, a community supervision officer (CSO) at the Tarrant County Community Supervision and Corrections Department, who was familiar with Ackerman.  Bell brought Ackerman's "chronological report," which contained "any contact that ha[d] occurred with [Ackerman] during his time on supervision."  Bell explained that the report contained information submitted by employees of the community supervision department as well as entries from "outside agenc[ies]."  Ackerman objected to information in the report from outside agencies on double hearsay grounds but did not object to information entered by community supervision department employees.  The trial court sustained Ackerman's objection, said that it was "going to exclude all of -- and not consider all of the entries that involve outside agencies," and admitted the "remaining parts" of the report.

When Officer Bell began to testify about whether Ackerman successfully completed the SAFPF Program, Ackerman objected on the grounds that the answer "call[ed] for hearsay from an outside agency."  After the trial court overruled the objection, Bell testified that Ackerman did not complete the SAFPF Program and was discharged from it.  Although Ackerman obtained "a running objection to [that] line of questioning," he lodged no objection to Bell's testimony that Ackerman failed to report to the community supervision department for several months.  The

3

portions of the chronological report that were admitted into evidence showed that Bell failed to report in person, as alleged in the State's adjudication motion.

After hearing this evidence, the trial court granted the State's motion, revoked Ackerman's community supervision, and adjudicated his guilt.

**B.      Standard of Review**

"The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision." *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd). "We review an order revoking community supervision under an abuse of discretion standard." *Id.* (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). "In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision." *Id.* (citing *Cobb v. State*, 851 S.W.2d 871, 873–74 (Tex. Crim. App. 1993)). "The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). "If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision." *Id.* (citing *Cardona*, 665 S.W.2d at 493–94).

4

**C.     Analysis**

Ackerman lodged no complaint at trial about the trial court's decision to admit the portions of the chronological report containing entries from employees of the community supervision department. *See Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009) ("To preserve a complaint for appellate review [on revocation of community supervision], the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint." (citing TEX. R. APP. P. 33.1(a))).  His appellate brief raises no point of error arguing that the admission of this evidence was error.  Even so, Ackerman argues, in the context of a sufficiency complaint, that Bell "did not have personal knowledge and should not have been allowed to testify to hearsay."  To the extent Ackerman now complains of the consideration of evidence showing his failure to report, we conclude that Ackerman's brief does not comport with his trial objection.  *See Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) ("if an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review").

Next, proof of any one violation by a preponderance of the evidence is sufficient to support a trial court's decision to revoke community supervision and adjudicate guilt.  Because we review all of the evidence, we are permitted to "consider all evidence in the trial-court record, whether admissible or inadmissible."  *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006); *see Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

Here, Officer Bell testified, and the chronological report showed, that Ackerman failed to report to his CSO as required by the terms and conditions of his community supervision.  As a

5

result, we find that the State met its burden by a preponderance of the evidence and conclude that the trial court did not abuse its discretion in revoking Ackerman's community supervision and proceeding to an adjudication of guilt. Consequently, we overrule Ackerman's first point of error.

## III. We Must Modify the Judgment to Reflect that Ackerman Pled "Not True"

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

Our review of the reporter's record shows that Ackerman chose to "stand mute" instead of pleading "true" to the allegations in the State's adjudication motion. As a result, the trial court said that it would "enter a plea of not true as to every allegation." Yet, the trial court's judgment mistakenly reflects that Ackerman pled "true" to the State's motion to adjudicate guilt. To correct the inaccuracy in the judgment, we modify it to show that Ackerman pled "not true" to the allegations.

**IV.	Disposition**

We modify the trial court's judgment to reflect that Ackerman pled "not true" to the allegations in the State's motion to adjudicate guilt.  As modified, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:	July 6, 2023
Date Decided:	July 11, 2023

Do Not Publish

7